Walter TOWNSEND, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0504–CR–363.

Court of Appeals of Indiana.

March 16, 2006.

Eric K. Koselke, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

MAY, Judge.

Walter Townsend appeals his convictions of unlawful possession of a firearm by a serious violent felon [1] and intimidation,[2] and the finding that he is an habitual offender.[3] The trial court granted Townsend's belated notice of appeal. Townsend raises two issues in his appeal. However, we find the trial court erred in granting Townsend's petition for permission to file a belated notice for appeal as he failed to show he was without fault or was diligent in pursuing the belated appeal. Because we lack jurisdiction to review Townsend's appeal, we dismiss.

### FACTS AND PROCEDURAL HISTORY

The trial court sentenced Townsend on December 12, 2003. At the sentencing hearing, Townsend was given notice of his right to appeal and of the 30-day time limit within which to file the required notice of appeal. At that time, he declared his intent to pursue an appeal and his desire to retain private counsel. On May 6, 2004, Townsend filed a *pro se* petition for belated notice of appeal, which was denied. On February 23, 2005, he filed a *pro se* petition for post conviction relief; one month later he filed a *pro se* motion to dismiss that petition without prejudice. At the same time, he filed a petition for appointment of counsel to pursue proceedings under Ind. Post-Conviction Rule 2.

1. Ind.Code § 35–47–4–5.

2. Ind.Code § 35–45–2–1.

3. Ind.Code § 35–50–2–8.

The trial court appointed pauper appellate counsel on April 7, 2005. Townsend filed a new petition for permission to file a belated notice of appeal on April 13, 2005, which the court granted that day. Townsend filed his brief on September 26, 2005, and the State filed its brief, including a cross-appeal, on October 26, 2005. Townsend did not respond to the State's cross-appeal.

## DISCUSSION AND DECISION

■ The trial court erred in granting Townsend's petition for permission to file a belated notice of appeal.

■ Generally, the trial court has discretion in reviewing a petition for permission to file a belated notice of appeal and its decision will not be disturbed unless an abuse of discretion is shown. *Beaudry v. State*, 763 N.E.2d 487, 489–90 (Ind.Ct.App. 2002). However, when the allegations contained in the motion itself provide the only basis in support of a motion, we review the decision *de novo*. *Baysinger v. State*, 835 N.E.2d 223, 224 (Ind.Ct.App.2005).

■ Townsend did not respond to the State's allegation on cross-appeal that the trial court erred in permitting Townsend to file a belated notice of appeal. In such a circumstance, if we find *prima facie* error, we may reverse. *In re D.L.*, 814 N.E.2d 1022, 1029 (Ind.Ct.App.2004), *trans. denied sub nom. Lewis v. Marion County OFC*, 822 N.E.2d 984 (Ind.2004). In this context, *prima facie* is defined as "at first sight, on first appearance, or on the face of it." *Johnson County Rural Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 991 (Ind.Ct.App.1985). Consequently, if we find *prima facie* error in the grant of Townsend's petition, we do not have jurisdiction over Townsend's appeal. *See Impson v. State*, 721 N.E.2d

1275, 1285 (Ind.Ct.App.2000) (finding a lack of jurisdiction when the trial court erred in permitting the filing of a late praecipe pursuant to P–C.R. 2(1)).

Because Townsend failed to file a timely notice of appeal, he was required to challenge his conviction through the Post–Conviction Rules. If a defendant fails to file a Notice of Appeal within thirty days as required, the right to appeal is forfeited unless sought under P–C.R. 2. Ind. Appellate Rule 9(A)(5). Townsend petitioned for permission to file a belated notice of appeal under Ind. P–C.R. 2(1), which provides in part:

> Where an eligible defendant convicted after a trial or plea of guilty fails to file a timely notice of appeal, a petition for permission to file a belated notice of appeal for appeal of the conviction may be filed with the trial court, where:
>
> (a) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
>
> (b) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.
>
> *The trial court shall consider the above factors in ruling on the petition....* If the trial court finds grounds, it shall permit the defendant to file the belated notice of appeal, which notice of appeal shall be treated for all purposes as if filed within the prescribed period.

(Emphasis supplied.)

■ A petitioner has the burden of proving by a preponderance of the evidence that he is entitled to the relief sought. *Land v. State*, 640 N.E.2d 106, 108 (Ind.Ct.App.1994), *reh'g denied, trans. denied.* Therefore, in a proper motion for a belated notice of appeal, he must demonstrate he was diligent in pursuing the appeal.[4] *Collins v. State*, 420 N.E.2d 880,

---

4. P–C.R. 2(1) allows a petitioner to request a hearing in order to substantiate questions of material fact with regard to fault and diligence.

881 (Ind.1981) (decided under previous rule).

As the State notes, Townsend's 2005 petition for a belated notice of appeal includes no facts related to the requirements of P–C.R. 2(1). It does not allege Townsend was without fault or that he was diligent in pursuing a belated appeal. Nor did he submit any evidence to support his petition. Without any evidence regarding the two elements of P–C.R. 2(1), a petitioner cannot have met his burden of proof. *See, e.g., Tolson v. State,* 665 N.E.2d 939, 942 (Ind.Ct.App.1996) (addressing the nature and amount of evidence necessary to sustain a petition for permission to file a belated praecipe).

Accordingly, the trial court erred when it granted Townsend's petition for permission to file a belated notice of appeal, and we dismiss his appeal for lack of jurisdiction.

Dismissed.

FRIEDLANDER, J., and CRONE, J., concur.