Demond HUGHES, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–0611–CR–640.

Court of Appeals of Indiana.

Aug. 23, 2007.

Bruce E. Andis, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Demond Hughes asserts his sentence was inappropriate because the court imposed the presumptive sentence after finding mitigating circumstances but no valid aggravators.[1] On cross-appeal, the State

---

1. The State invites us to find Hughes' allegation his sentence is inappropriate was waived because Hughes' "argument focuses on his claim that the trial court ... relied on an improper aggravator." (Br. of the Appellee/Cross Appellant at 5.) We decline to find waiver on that basis. "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate

asserts Hughes' appeal should be dismissed because the trial court erred in allowing his belated appeal.

We remand.

## FACTS AND PROCEDURAL HISTORY

In 1995, Hughes participated in a robbery during which a man was killed. He agreed to plead guilty to felony murder and dangerous possession of a handgun. The plea agreement provided the State would recommend concurrent sentences not to exceed fifty years. The parties and the trial court believed fifty years was the presumptive sentence for murder, but in fact it was forty years. The trial court sentenced Hughes to fifty years with five years suspended. In 1997 Hughes sought post-conviction relief and his sentence was shortened to forty years.

In 2006, Hughes moved to file a belated notice of appeal, claiming he had not been advised at sentencing of his right to appeal. The trial court granted his motion. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

1. *Diligence in Seeking Belated Appeal*

█ On cross-appeal, the State argues Hughes should not have been permitted to file a belated notice of appeal because he was not diligent in doing so.

█ If a defendant fails to file a timely Notice of Appeal, his right to appeal is forfeited unless sought under Ind. Post–Conviction Rule 2. Ind. Appellate Rule 9(A)(5). Hughes petitioned for permission

to file a belated notice of appeal under P–C.R. 2(1), which provides in relevant part:

> Where. an eligible defendant convicted after. a trial or plea of guilty fails to file a timely notice of appeal, a petition for permission to file a belated notice of appeal for appeal of the conviction may be filed with the trial court, where:
>
> (a) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
>
> (b) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.
>
> The trial court shall consider the above factors in ruling on the petition. . . . If the trial court finds grounds, it shall permit the defendant to file the belated notice of appeal, which notice of appeal shall be treated for all purposes as if filed within the prescribed period.

A petitioner has the burden of proving by a preponderance of the evidence that he is entitled to the relief sought. *Townsend v. State*, 843 N.E.2d 972, 974 (Ind.Ct.App. 2006), *trans. denied* 855 N.E.2d 1011 (Ind. 2006). Accordingly, in a proper motion for a belated notice of appeal, the petitioner must demonstrate the late filing was not his fault and he was diligent in pursuing the appeal. *Id.*

Hughes did not respond to the State's allegation on cross-appeal that the trial court erred in permitting him to file a belated notice of appeal. In such a circumstance, if we find *prima facie* error, we may reverse. *Id.* In this context, *prima facie* is defined as "at first sight, on first appearance, or on the face of it." *Id.* Consequently, if we find *prima facie* error in the grant of Hughes' petition, we do not

---

Rule ˙ 7(B). We may consider, among other things, aggravating and mitigating factors found—or not found—by the trial court as we conduct a Rule 7(B) review. *See, e.g., Prowell v. State*, 787 N.E.2d 997, 1005 (Ind.Ct.App.

2003) (considering statutory aggravators and mitigators as part of an analysis of the character of the offender), *trans. denied* 804 N.E.2d 745 (Ind.2003).

have jurisdiction over his appeal. *See id.* The State has not demonstrated *prima facie* error.

■ Generally, the trial court has discretion in reviewing a petition for permission to file a belated notice of appeal and its decision will not be disturbed unless an abuse of discretion is shown. *Id.* But when the only basis in support of a motion is the allegations contained in the motion itself, we review the decision *de novo.* *Id.*

■ The State's argument Hughes was not diligent appears to be premised on the fact Hughes did not seek to bring a belated direct appeal for nineteen months after our Supreme Court decided *Collins v. State*, 817 N.E.2d 230 (Ind.2004). *Collins* held a person pleading guilty may contest the merits of a trial court's sentencing decision only by way of a direct appeal. *Id.* at 231. The trial court found, after "taking notice of its own record and file in this case, being duly advised in the premises," (App. at 173), Hughes was diligent. It provided no further explanation. The State asserts, also without explanation, Hughes "did not submit any evidence to the trial court in support of his allegation

that he was diligent[.]"[2] (Br. of the Appellee/Cross Appellant at 6.)

The State has directed us to no requirement that a trial court make explicit findings regarding why a defendant was or was not "diligent," and we find no such requirement in the text of the rule. Rather, the rule requires only that the trial court "consider" the defendant's diligence and fault. We decline the State's invitation to presume Hughes' trial court improperly failed to do so.

Hughes was incorrectly advised that by pleading guilty he gave up his right to appeal.[3] Hughes correctly noted in his motion that according to *Collins*, he was required to challenge his sentence via a belated appeal under P–C.R. 2 rather than a petition for post-conviction relief.

It is apparent from Hughes' Motion to File a Belated Notice of Appeal and the trial court's grant of the belated appeal stating it "has considered" his motion and "being duly advised in the premises now finds" Hughes was diligent, (App. at 173), that the trial court considered Hughes' diligence and fault.

2. As Hughes did not submit any such evidence, the State asserts, he "failed to carry his burden under Post–Conviction rule 2(1), and this appeal should be dismissed." (Br. of the Appellee/Cross Appellant at 6.) In support of this statement, the State directs us to a page of Hughes' own motion. That page includes Hughes' allegation he was diligent, but it nowhere states or suggests he did not submit evidence.

The trial court noted it found Hughes had been diligent after "taking notice of its own record and file in this case." (App. at 173.) The trial court did not specify the evidence of diligence it found in its own record and file, and it therefore is not apparent what additional "evidence" of Hughes' diligence he might have been expected to provide. As explained below, we will not presume from a

silent record that the trial court's finding of "diligence" had no evidentiary support.

In *Townsend v. State*, 843 N.E.2d 972, 975 (Ind.Ct.App.2006), we found Townsend was not entitled to file a belated notice of appeal where his petition included no facts to establish he was diligent in pursuing a belated appeal. *Townsend* is distinguishable, as Townsend's 2005 petition included no facts related to the requirements of P–C.R. 2(1), nor did it allege Townsend was without fault or that he was diligent in pursuing a belated appeal.

3. Hughes was so advised by the court at his first sentencing. It does not appear the court's incorrect advisement was raised or addressed in the court's ruling on Hughes' first post-conviction petition, after which his sentence was reduced from fifty to forty years.

A trial court's discretionary ruling is presumptively correct,[4] and the challenger (here, the State) bears the burden of persuading us the court erred in its exercise of discretion. *See, e.g., Sears Roebuck & Co. v. Manuilov,* 742 N.E.2d 453, 457 (Ind. 2001) (addressing trial court discretion to receive evidence challenged under Ind. Evidence Rule 403). The State did not carry that burden.

■ We must presume the trial court acted correctly, *see, e.g., Perdue Farms, Inc. v. Pryor,* 683 N.E.2d 239, 240 (Ind. 1997) ("In reviewing a general judgment, we must presume that the trial court correctly followed the law."), and we decline the State's invitation to presume the opposite from the silence of the record before us. In light of Hughes' explicit reference to *Collins,* we cannot say the trial court abused its discretion when it permitted Hughes' belated appeal.[5]

## 2. *Appropriateness of Sentence*

■ The State is correct that when a trial court imposed a presumptive sentence, a reviewing court was to presume the trial court considered the proper factors in making its sentencing determination. *Jackson v. State,* 728 N.E.2d 147, 154 (Ind.2000). But when, as here, a court identified aggravating or mitigating circumstances, it was obliged to state its reasons for selecting the sentence imposed.[6] *Id.* This statement of reasons had to identify all significant mitigating and aggravating circumstances; indicate the specific facts and reasons that lead the court to find each such circumstance; and reflect an evaluation and balancing of the mitigating and aggravating circumstances in fixing the sentence. *Id.*

In *Jackson,* he pointed to seven mitigating circumstances at his sentencing, and the trial court mentioned two in its sentencing statement. It found no aggravating circumstances but said "murder is a serious offense. Pursuant to the statute, I'll sentence you to the Indiana Department of Corrections [sic] for (55) fifty-five years." *Id.*

The *Jackson* Court noted the imposition of a presumptive sentence does not obli-

---

**4.** The State explicitly recognizes this premise in its argument Hughes was properly sentenced. It correctly notes that when a trial court imposed a presumptive sentence "it was presumed on appeal that the trial court considered the proper factors in making its sentencing determination." (Br. of the Appellee/Cross–Appellant at 4–5) (citing *Custis v. State,* 793 N.E.2d 1220 (Ind.Ct.App.2003), *trans. denied* 804 N.E.2d 756 (Ind.2003)). The State does not address that premise in the context of Hughes' belated appeal motion.

**5.** The State directs us to *Roberts v. State,* 854 N.E.2d 1177, 1179–80 (Ind.Ct.App.2006), where we found Roberts did not "diligently avail himself of his right to file a direct appeal." In an earlier memorandum opinion we had informed Roberts that sentencing errors needed to be brought on direct appeal. "However, instead of following our advice and filing a direct appeal, Roberts unsuccess-

fully sought rehearing and transfer on his claims. Only more than a year later, on August 12, 2005, did Roberts file a request to file a belated direct appeal." *Id.* at 1179. We noted Roberts might not have been immediately aware of the *Collins* decision, but he definitely was apprised of it when his petition to transfer was denied on December 9, 2004. Yet, he still waited over eight months, until August 12, 2005 to seek leave to file a belated notice of appeal.

In the case before us, there is no evidence Hughes was aware of the *Collins* decision yet delayed his filing despite that awareness.

**6.** For reasons explained below, we do not adopt the State's premise that "the trial court did not identify any aggravating or mitigating factors." (Br. of the Appellee/Cross–Appellant at 5.) The State does not address, or even acknowledge, the statement the court made when sentencing Hughes.

gate the trial court to provide a detailed sentencing statement, but

> the trial court identified two mitigating circumstances and thus was required to state its reasons for imposing the sentence it did. This requirement is intended to ensure that the trial court considered proper matters in determining the sentence and facilitates meaningful appellate review of the reasonableness of the sentence. The only review this Court could undertake on a record like the one provided here would be purely speculative. Because there is no basis for this Court to determine whether the trial court properly weighed the aggravating circumstances against the mitigating circumstances, we remand to the trial court for resentencing on this record.

*Id.* at 154–55.[7]

It is apparent that in Hughes' sentencing statement, the court considered and weighed aggravating and mitigating circumstances before imposing the presumptive sentence. But as in *Jackson*, we have "no basis ... to determine whether the trial court properly weighed the aggravating circumstances against the mitigating circumstances." The trial court stated:

> Demond's home life and background is certainly disturbing. It does appear that grandma is always there and certainly is very supportive and has tried her best. By the same token it's a horrible crime so I am going to sentence him to the presumptive sentence of 50 years.[8] I do believe, however, I'm going to suspend five years of that for a couple of reasons [9] ... *it's worth something that he came in here and admitted it* and did not put the family through trial. Sometimes I feel so sorry for families when they must not only sit through a trial but must watch posturing and all sorts of things that go on that must be very painful *so I think it's something* that he did come in and admit his part in it so I will suspend five years...."

(Tr. at 39) (footnotes added) (emphasis supplied).

7. This remains true under the new sentencing scheme adopted after *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *reh'g denied* 542 U.S. 961, 125 S.Ct. 21, 159 L.Ed.2d 851 (2004):
> To summarize, the imposition of sentence and the review of sentences on appeal should proceed as follows:
> 1. The trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence.
> 2. The reasons given, and the omission of reasons arguably supported by the record, are reviewable on appeal for abuse of discretion.
> 3. The relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse.
> 4. Appellate review of the merits of a sentence may be sought on the grounds outlined in Appellate Rule 7(B).
> *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007).

8. The parties and the court were apparently mistaken. The presumptive sentence for Hughes' crime was forty years, and his sentence was later reduced to forty years in post-conviction proceedings.

9. The court's statement suggests it suspended a portion of the sentence because Hughes agreed to plead guilty. However, the suspension of part of the sentence does not represent a reduction of the sentence because of the mitigating effect of the guilty plea. *See, e.g., Pagan v. State*, 809 N.E.2d 915, 926 n. 9 (Ind.Ct.App.2004), *trans. denied* 822 N.E.2d 973 (Ind.2004). There we noted suspended portions as well as executed portions are considered when reviewing the appropriateness of a sentence. "A year is still a year, and a sentence is still a sentence ... [t]hus, although four years of Pagan's twenty-year sentence was suspended, we still view it as a maximum sentence." *Id.* (Internal citations omitted.)

While the sentencing statement could have been more clear, it is apparent the sentencing court recognized one mitigating circumstance, Hughes' guilty plea, and may have recognized two additional mitigating circumstances, Hughes' poor home life and his supportive grandmother. It may have considered as an aggravating circumstance that the crime was "horrible."

■■■ The court's statements regarding the effect of Hughes' guilty plea reflect at least one of the reasons a guilty plea is normally considered a mitigating circumstance. It has long been recognized that a defendant who willingly enters a plea of guilty has extended a substantial benefit to the State and deserves to have a substantial benefit extended to him in return. *Francis v. State*, 817 N.E.2d 235, 237 (Ind. 2004). A guilty plea demonstrates a defendant's acceptance of responsibility for the crime and extends a benefit to the State and to the victim or the victim's family by avoiding a full-blown trial. *Id.* at 237–38. Thus, a defendant who pleads guilty deserves to have mitigating weight extended to the guilty plea in return. *Id.* at 238. The sentencing court noted "it's worth something that he came in here and admitted it and did not put the family through a trial." (Tr. at 39.) This indicates the court recognized this mitigator and gave it some weight, even though the court purported to use that mitigator as a basis for suspending a portion of the sentence imposed rather than reducing the sentence.

We cannot consider the court's statement the crime was "horrible" a valid aggravator. Assuming *arguendo* the sentencing court intended by its characterization to state an aggravating circumstance that would offset the mitigating circumstance of Hughes' guilty plea, that aggravator was improper because the court did not state the facts that supported it, nor did the court's statement reflect a weighing of the aggravating and mitigating circumstances.

We are left, then, with at least one mitigating circumstance to which the sentencing court apparently assigned some weight, two circumstances the court may have considered mitigating, and no valid aggravators. We will remand for resentencing if we cannot say with confidence that the trial court would have imposed the same sentence if it considered the proper aggravating and mitigating circumstances. *McCann v. State*, 749 N.E.2d 1116, 1121 (Ind.2001). We cannot say with confidence Hughes would have been sentenced to a presumptive term in light of at least one valid mitigator, two possible mitigators, and no valid aggravators. We accordingly remand to the trial court for clarification or a new sentencing determination.

We find no error in the grant of Hughes' motion to file a belated notice of appeal, but must remand for resentencing.

Remanded.

SHARPNACK, J., and BAILEY, J., concur.