ATTORNEY FOR APPELLANT
Bruce E. Andis
Indianapolis, Indiana

ATTORNEYS FOR APPELLANT
Steve Carter
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

*In the*

### Indiana Supreme Court

**FILED**

Feb 21 2008, 3:22 pm

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

No. 49S04-0802-CR-86

DEMOND HUGHES,                                          *Appellant (Defendant),*

v.

STATE OF INDIANA,                                       *Appellee (Plaintiff).*

Appeal from the Marion Superior Court, No.  49G04-9502-CF-16419
The Honorable Patricia J. Gifford, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 49A04-0611-CR-640

**February 21, 2008**

**Dickson, Justice**.


Defendant Demond Hughes brings this belated appeal to challenge the appropriateness of the presumptive concurrent sentences, five years of which were suspended, following his guilty pleas to Felony Murder and class A misdemeanor Reckless Possession of a Handgun.  The State contends on cross-appeal that permission to file the belated appeal was erroneously granted. The Court of Appeals granted relief to the defendant and remanded for resentencing.  Hughes v. State, 872 N.E.2d 180 (Ind. Ct. App. 2007).  We grant transfer, thereby vacating the decision of the Court of Appeals, and now affirm the trial court on other grounds.

The present case arises out of the 1995 killing of Melvin Reedus. Pursuant to the defendant's plea agreement, which did not call for any specific sentence, the trial court in January 1996, intending to use the statutory presumptive sentence as a beginning point, sentenced the defendant to a term of fifty years for Felony Murder and one year for Reckless Possession of a Handgun, to be served concurrently. The aggregate fifty-year sentence was then suspended five years, for a net executed sentence of forty-five years. In 2000, the defendant successfully obtained post-conviction relief reducing his sentence to forty years (and retaining the five year suspension) because the correct presumptive sentence for the date of the offense was forty, not fifty years.

In June 2006, the defendant requested appointed counsel to pursue proceedings under Indiana Post-Conviction Rule 2, and in October 2006, almost eleven years after his conviction and initial sentence, he filed a request to commence the present belated appeal, asserting that "upon learning of his appellate rights via Collins v. State, he seeks to have the review of the appropriateness of his sentence." Appellant's App'x at 171. The trial court, granting his motion the day it was filed, stated:

> And taking notice of its own record and file in this case, being duly advised in the premises now finds the failure to file a Notice of Appeal within thirty days of the date of sentencing is not the fault of the defendant, who has been diligent in seeking relief in his case and upon being advised of his right to appeal his sentence has exercised that right and demonstrated diligence in requesting an appeal of his sentence.

Id. at 173. The State nevertheless argues that the defendant failed to establish the P-C. R. 2 diligence prerequisite required for permission to bring a belated appeal, and the defendant responds that the State, having failed to raise this objection at the trial court and having failed to file a motion to dismiss the appeal, should not now be permitted to raise the issue by cross-appeal.

Consideration of these issues, however, is obviated because of the superseding impediment of procedural default. At the guilty plea hearing, the trial court advised the defendant that "by pleading guilty you give up the right to a direct appeal." R. at 5. In his plea agreement, however, the defendant acknowledged his "right to pursue post-conviction relief." Appellant's App'x at 89. In accord with prevailing law at the time, recourse to post-conviction relief was an

2

appropriate method for challenging the validity of a sentence imposed after a guilty plea. <u>Collins v. State</u>, 817 N.E.2d 230, 233 (Ind. 2004). The defendant availed himself of this opportunity and challenged his sentence in post-conviction relief proceedings which requested that his sentence be reduced or a new sentencing hearing held because the trial court relied on an improper aggravating circumstance and failed to adequately regard certain mitigating factors. Appellant's App'x at 138-39. Granting relief on other grounds (that the applicable presumptive sentence was forty, not fifty, years), the post-conviction court did not address these claims, and the defendant accepted the outcome by failing to appeal the decision. The defendant's present belated appeal, however, seeks to relitigate this issue. It asserts a single claim that the trial court erroneously sentenced him to the presumptive term for Felony Murder "when the court identified at least three mitigating factors and the only aggravating factor was an invalid application of the 'nature and circumstances of the crime' factor." Appellant's Br. at 1.

Issues presented, or available but not presented, at one stage in the proceedings are forfeited and cannot be brought in a subsequent stage. <u>State v. Holmes</u>, 728 N.E.2d 164, 168 (Ind. 2000), *cert. denied*, 532 U.S. 1067 (2001). <u>Holmes</u> involved a post-conviction relief proceeding where a claim was advanced that had been available but not presented on direct appeal. This same principle applies equally to claims presented on post-conviction and subsequently sought to be relitigated on belated appeal. Repetitious litigation of essentially the same dispute is not permitted. *Id.*; <u>Sweeney v. State</u>, 704 N.E.2d 86, 94 (Ind. 1998), *cert. denied*, 527 U.S. 1035 (1999). The State did not raise the issue of procedural default as an affirmative defense in opposing the request for permission to file a belated appeal, nor does it present this issue by cross-appeal. But if a defendant has procedurally defaulted, then an appellate court can raise the issue *sua sponte*. <u>Bunch v. State</u>, 778 N.E.2d 1285, 1289 (Ind. 2002).

Because the defendant may not by belated appeal relitigate his sentence challenge previously presented in his post-conviction relief petition, we find his claim barred by procedural default. We affirm the sentence imposed by the trial court following the defendant's post-conviction relief proceeding.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.