**Stanley R. REID, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 79A05–0706–CR–321.**

Court of Appeals of Indiana.

April 8, 2008.

Michael B. Troemel, Lafayette, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

HOFFMAN, Senior Judge.

Stanley Reid appeals the sentence imposed after he pleaded guilty to one count of sexual misconduct with a minor as a Class B felony, and one count of sexual misconduct with a minor as a Class C felony. The State cross-appeals the trial court's grant of Reid's leave to file a belated notice of appeal. We dismiss the appeal.

The dispositive issue is whether the trial court erred in granting Reid's leave to file a belated notice of appeal.

In December 2003, Reid pleaded guilty to one count of class B felony sexual misconduct and one count of class C felony sexual misconduct. In January 2004, the trial court sentenced him to fifteen years for the B felony and six years for the C felony. The court ordered the sentences to run concurrently and suspended three years, for a total executed sentence of twelve years. In June 2004, the trial court issued an amended sentencing statement, which provided that after Reid served his twelve-year sentence, he would serve four years on probation, including one year on home detention.

In April 2007, Reid filed an unverified petition for permission to file a belated notice of appeal pursuant to Indiana Post-Conviction Rule 2(1). The petition alleged that Reid's failure to file a timely notice of appeal was not his fault and that he was diligent in pursuing the appeal, but did not include any facts or evidence in support of the petition. The trial court granted the petition without making any findings regarding Reid's lack of fault and diligence in pursuing his appellate rights. On cross-appeal, the State contends that the trial court erred in granting Reid's petition.

At the outset we note that Reid did not respond to the State's allegation on cross-appeal. In such a circumstance, we may reverse if we find *prima facie* error. *Townsend v. State,* 843 N.E.2d 972, 974 (Ind.Ct.App.2006), *trans. denied. Prima facie* is defined as "at first sight, on first appearance, or on the face of it." *Id.* If we find *prima facie* error in the grant of Reid's petition, we do not have jurisdiction over his appeal. *See id.*

We now turn to the merits of the State's claim. Ind. P-C.R. 2(1) provides in relevant part as follows:

> Where an eligible defendant convicted after ... a plea of guilty fails to file a timely notice of appeal, the petition for permission to file a belated notice of appeal for appeal of the conviction may be filed with the trial court, where:
>
> (a) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
>
> (b) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.
>
> The trial court shall consider the above factors in ruling on the petition.... If the trial court finds grounds, it shall permit the defendant to file the belated notice of appeal, which notice of appeal shall be treated for all purposes as if filed within the prescribed period.

A petitioner has the burden of proving by a preponderance of the evidence that he is entitled to the relief sought. *Townsend,* 843 N.E.2d at 974.

Therefore, in a proper petition to file a belated notice of appeal, the petitioner must demonstrate that he was diligent in pursuing the appeal. *Id.*

In *Townsend,* Townsend's petition to file a belated notice of appeal included no facts related to the requirements of P-C.R. 2(1). Specifically, the petition did not include evidence regarding the lack of his fault and his diligence. This court concluded that without any evidence regarding the two elements of P-C.R. 2(1), Townsend could not have met his burden of proof. *Id.* at 975. Accordingly, we found that the trial court erred when it granted Townsend's petition and dismissed the appeal for lack of jurisdiction. *Id. See also Witt v. State,* 867 N.E.2d 1279, 1281 (Ind.2007) (dismissing the appeal where Witt failed to satisfy the requirements of P-C.R. 2(1)).

Here, as in *Townsend,* Reid failed to submit any evidence to support his petition. Without evidence regarding his diligence and lack of fault, Reid cannot have met his burden of proof. The trial court erred when it granted his petition to file a belated notice of appeal, and we dismiss Reid's appeal for lack of jurisdiction.

Dismissed.

NAJAM, J., and BAILEY, J., concur.