**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 16 2012, 9:43 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN T. WILSON**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KIMBERLY L. ZAPALAC, | ) | |
| | ) | |
| Appellant-Defendant/Cross-Appellee, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1107-CR-762 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff/Cross-Appellant. | ) | |

APPEAL FROM THE MADISON SUPERIOR COURT
The Honorable Thomas Newman, Jr., Judge
Cause Nos. 48D03-9703-CF-121, 48D03-9709-DF-389, and 48D03-9711-CF-463

**March 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Kimberly Zapalac committed several crimes, pled guilty to those crimes pursuant to two plea agreements, and then absconded prior to sentencing. Accordingly, Zapalac was sentenced in absentia. After finally being apprehended more than twelve years later, Zapalac attempts to belatedly appeal her sentence on various grounds. On cross-appeal, the State asserts that the trial court erred in granting Zapalac's petition for permission to file a belated notice of appeal, and therefore this Court is without jurisdiction to hear the appeal. We agree with the State and dismiss the appeal for lack of jurisdiction.

**Facts and Procedural History**

In March of 1997, the State charged Zapalac under cause number 48D03-9703-CF-121 with class D felony attempted obtaining a schedule III controlled substance by fraud and class C felony obtaining a schedule III controlled substance by fraud. During a dispositional hearing on September 22, 1997, Zapalac pled guilty as charged pursuant to an open plea agreement. Thereafter, on September 30, 1997, the State charged Zapalac under cause number 48D03-9709-DF-389 with four counts of class D felony check fraud. On November 24, 1997, the State charged Zapalac under cause number 48D03-9711-CF-463 with class D felony fraud and class C felony forgery. During a dispositional hearing on December 1, 1997, Zapalac pled guilty as charged pursuant to a new open plea agreement which encompassed all three pending cause numbers. The trial court ordered that Zapalac be held at a women's work release center until sentencing and set a sentencing date of December 29,

1997. Two days later, the State filed a notice to the trial court that Zapalac had absconded from the work release program. A warrant was issued for Zapalac's arrest.

Zapalac subsequently failed to appear for her pre-sentence interview. A sentencing hearing for all three cause numbers was held on December 29, 1997. Zapalac failed to appear. Over defense counsel's objection, the trial court sentenced Zapalac in absentia to a total sentence of nine and one-half years imprisonment. The trial court also determined that Zapalac had violated the conditions of the agreed-upon probation and revoked the same. Upon defense counsel's request, the trial court appointed appellate counsel in the event that Zapalac wished to appeal the sentencing order. In response to defense counsel's concern that Zapalac would continue to abscond beyond the thirty-day time limit within which to file an appeal, the trial court stated, "I would be happy to grant her … permission to file [a] belated praecipe to perfect an appeal." Tr. at 27.

More than twelve years later, on July 20, 2011, Zapalac was finally apprehended. Zapalac filed a petition for permission to file a belated notice of appeal on July 29, 2011. In the petition, Zapalac stated that the failure to file a timely notice of appeal was no fault of her own because she had absconded since 1997. Zapalac also argued that the trial court had indicated at sentencing that it would allow her to file a belated notice of appeal. That same day, without holding a hearing, the trial court entered its order granting Zapalac's petition for permission to file a belated notice of appeal. This appeal and cross-appeal followed.

3

## Discussion and Decision

The State's contention on cross-appeal that the trial court erred in granting Zapalac's petition for permission to file a belated notice of appeal is dispositive. We begin by noting that Zapalac did not respond to the State's allegation on cross-appeal and, therefore, we may reverse if we find prima facie error. Prima facie error is "at first sight, on first appearance, or on the face of it." *State v. Combs*, 921 N.E.2d 846, 850 (Ind. Ct. App. 2010). Accordingly, if we find prima facie error in the trial court's grant of Zapalac's petition for permission to file a belated notice of appeal, we do not have jurisdiction over this appeal. *See Impson v. State*, 721 N.E.2d 1275, 1285 (Ind. Ct. App. 2000) (trial court error in permitting a belated praecipe for appeal results in lack of appellate jurisdiction).

Because Zapalac failed to file a timely notice of appeal, she was required to challenge her sentence through the Post-Conviction Rules. If a defendant fails to file a notice of appeal within thirty days as required, the right to appeal is forfeited unless sought under Post Conviction Rule 2. *See* Ind. Appellate Rule 9(A)(1), -(5).[1] Post-Conviction Rule 2, Section 1 provides:

> (a) *Required Showings.* An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if;
>
> (1) the defendant failed to file a timely notice of appeal;
> (2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
> (3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

---

[1] As noted by the State, at the time of Zapalac's sentencing, this rule was Indiana Appellate Rule 2(A).

….

(c) *Factors in granting or denying permission.* If the trial court finds the requirements of Section 1(a) are met, it shall permit the defendant to file the belated notice of appeal. Otherwise, it shall deny permission.

A petitioner has the burden of proving by a preponderance of the evidence that she is entitled to the relief sought. *Reid v. State*, 883 N.E.2d 872, 873 (Ind. Ct. App. 2008). Therefore, in a proper petition to file a belated notice of appeal, the petitioner must demonstrate that she is without fault and was diligent in pursuing the appeal. *See id.* Where, as here, the trial court does not hold a hearing before granting a petition to file a belated notice of appeal, the only basis for the trial court's decision was that contained in the paper record attached to the petition. *Baysinger v. State*, 835 N.E.2d 223, 224 (Ind. Ct. App. 2005). Because we are reviewing that same paper record that was available to the trial court, we owe no deference to the trial court and review its decision regarding the petition de novo. *See id*; *see also Bosley v. State*, 871 N.E.2d 999, 1002 (Ind. Ct. App. 2007).

Zapalac failed to submit sufficient facts or evidence to support her motion for permission to file a belated notice of appeal. The only fact contained in her petition is that she did not appear at her sentencing hearing and absconded since 1997.[2] We do not find that fact to be supportive of a lack of fault on Zapalac's part or to be a persuasive excuse for her lack of diligence in pursuing an appeal. To the contrary, her voluntary evasion of the trial court's jurisdiction for more than twelve years supports just the opposite conclusion.

---

[2] We note that Zapalac does not challenge the trial court's decision to sentence her in absentia.

Moreover, the trial court's indication during sentencing that it would grant her petition for permission to file a belated notice of appeal in no way excused Zapalac of her burden to prove her lack of fault and her diligence in pursuing an appeal pursuant to Post Conviction Rule 2. Zapalac did not meet that burden of proof. Accordingly, we conclude that the trial court erred when it granted Zapalac's motion for permission to file a belated notice of appeal, and we dismiss her appeal for lack of appellate jurisdiction.

Dismissed.

MAY, J., and BROWN, J., concur.