## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 19 2017, 10:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Earl McCoy<br>Lafayette, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana |
| | James B. Martin<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Amy Morinskey,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 19, 2017<br><br>Court of Appeals Case No.<br>79A04-1604-CR-981<br><br>Appeal from the Tippecanoe<br>Circuit Court<br><br>The Honorable Thomas H. Busch,<br>Judge<br><br>Trial Court Cause No.<br>79C01-1201-FA-2 |

**Pyle, Judge.**

# Statement of the Case

[1] Amy Morinskey ("Morinskey") attempts to appeal from two underlying causes. Specifically, she seeks to appeal: (1) her sentence from one cause in which she pled guilty to Level 5 possession of methamphetamine[1] and Class A misdemeanor false informing;[2] and (2) the trial court's order, in a probation revocation cause, for her to serve one year in the Department of Correction after she agreed to admit to the violations contained in the State's motion to commit her to the Department of Correction.

[2] The State requests that Morinskey's appeal be dismissed because she failed to file a timely notice of appeal and has not sought, from the trial court, permission to file a belated notice of appeal pursuant to Post-Conviction Rule 2(1). Because we conclude that Morinskey has forfeited her right to appeal by failing to timely file her notice of appeal and because we find no extraordinary compelling reasons to restore that forfeited right, especially where she can seek permission to file a belated notice of appeal under the Post-Conviction Rules for her sentencing challenge, we dismiss the appeal.

[3] We dismiss.

---

[1] IND. CODE § 35-48-4-6.1.

[2] I.C. § 35-44.1-2-3.

# Issue

Whether this appeal should be dismissed because Morinskey failed to timely file a notice of appeal.[3]

# Facts

[4] Because of our disposition of this appeal, we will focus on the procedural facts and will not delve into detailed substantive facts surrounding the events of the two causes from which Morinskey appeals.

[5] In January 2012, the State charged Morinskey, under Cause 79C01-1201-FA-2 ("Cause FA-2"), with Count I, Class A felony dealing in methamphetamine; Count II, Class C felony possession of methamphetamine; and Count III, Class A misdemeanor, possession of paraphernalia. In May 2012, Morinskey pled guilty to an amended Count I, Class B felony dealing in methamphetamine in exchange for the dismissal of the remaining counts. Thereafter, in June 2012, the trial court sentenced Morinskey to twelve (12) years, with eight (8) years executed in the Department of Correction and four (4) years suspended to probation. One year of Morinskey's probation was to be served on community corrections. The trial court also recommended that Morinskey be placed in the Purposeful Incarceration Program.

---

[3] As part of her appeal, Morinskey challenged the trial court's discretion when sentencing her and the appropriateness of her sentence in one cause and her incarceration placement in her probation revocation cause. As part of the State's cross-appeal, the State raised this challenge to the timeliness of the notice of appeal. Because we conclude that the State's argument regarding the timeliness of Morinskey's notice of appeal is dispositive, we address only that issue.

[6] The trial court later modified Morinskey's placement for her executed sentence. The trial court first placed her a community transition program and then in a community corrections program. Even after violating the terms of the community corrections program in 2015, the trial court allowed her to remain in community corrections to serve her executed sentence.

[7] On September 8, 2015, the State filed a Motion to Commit, in which it sought to revoke Morinskey's community corrections placement. In the motion, the State alleged that Morinskey had failed to follow the trial court's order to report to the Tippecanoe County Community Corrections to serve her executed sentence and had failed to pay the balance owed to them. The State also noted that Morinskey was not incarcerated in the Department of Correction or in the county jail. The trial court then issued a warrant for Morinskey's arrest.

[8] On October 18, 2015, officers from the Lafayette Police Department initiated a traffic stop of a vehicle in which Morinskey was a passenger. When questioned by the officers, Morinskey identified herself with a false name, attempting to avoid the arrest warrant issued for her. During a search of the vehicle, the officers found methamphetamine and drug paraphernalia. The officers ultimately figured out Morinskey's true identity and arrested her. When the police booked Morinskey into the jail, they discovered a bag of methamphetamine on her person.

[9] Subsequently, the State charged Morinskey, under Cause 79C01-1510-F5-24 ("Cause F5-24"), with the following: Count I, Level 6 felony possession of

methamphetamine; Count II, Class C misdemeanor possession of paraphernalia; Count III, Class A misdemeanor false informing; and Count IV, Level 5 possession of methamphetamine (while having a prior dealing in methamphetamine conviction).

[10] On October 29, 2015, the State filed, in Cause FA-2, a petition to revoke Morinskey's probation. On November 10, 2015, the trial court held an initial hearing on the probation revocation petition.

[11] On December 29, 2015, Morinskey entered into a plea agreement that addressed Cause F5-24 and Cause FA-2. In regard to F5-24, Morinskey agreed to plead guilty to Count III, Class A misdemeanor false informing, and Count IV, Level 5 possession of methamphetamine, in exchange for the dismissal of the remaining two charges. As for Cause FA-2, Morinskey agreed to admit to the allegation contained in the State's Motion to Commit in exchange for the State's dismissal of the petition to revoke her probation in its entirety. Additionally, she agreed that sentencing would be open to the trial court's discretion.

[12] On February 19, 2016, the trial court held a combined hearing to address sentencing in Cause F5-24 and the Motion to Commit and probation revocation petition in Cause FA-2. During the hearing, Morinskey's counsel confirmed that Morinskey was "admit[ing] to a motion to commit to the Department of Correction[.]" (Tr. 4). Additionally, the parties confirmed to the trial court that it was to revoke one year of her probation and leave the remaining

probation intact. Pursuant to the parties' agreement, the trial court dismissed the State's petition to revoke Morinskey's entire probation in Cause FA-2 and revoked only one (1) year. The trial court ordered Morinskey to serve that one-year term in the Department of Correction, and it set aside the previous requirement that she serve one year of her probation on community corrections. For Cause F5-24, the trial court imposed a four (4) year sentence for her Level 5 felony possession of methamphetamine conviction and a 224 day sentence for her Class A misdemeanor false informing conviction. The trial court ordered these two counts to be served consecutively to each other and to the executed term in Cause FA-2. The trial court's orders in Cause F5-24 and Cause FA-2 were signed by the trial court on February 19, 2016. At the end of the hearing, the trial court informed Morinskey that she had the right to appeal her sentence and that, to do so, she would be required to file a notice of appeal within thirty days. Therefore, Morinskey's notice of appeal was due on or before March 21, 2016.[4]

[13] On March 9, 2016, Morinskey sent the trial court a letter, in which she stated that she wanted to appeal her sentence. The trial court treated the letter as a notice of appeal and appointed appellate counsel for Morinskey. On April 4, 2016, Morinskey's counsel filed, with the trial court, an "amended" notice of

---

[4] Thirty days from February 19, 2016 was Sunday March 20, 2016; however, because that day was a non-business day, the due date for the notice of appeal was Monday March 21, 2016. *See* Ind. Appellate Rule 25.

appeal. (App. 6, 46).  Morinskey then filed this amended notice of appeal with our Court on April 29, 2016.

# Decision

[14] Morinskey attempts to appeal the order imposing her sentence in Cause F5-24 and the probation revocation order directing her to serve her one-year term of incarceration in the Department of Correction in Cause FA-2.  In response, the State argues that Morinskey forfeited her appellate claims by failing to timely file a notice of appeal. Because we find the State's argument dispositive, we will not address Morinskey's sentencing and probation revocation arguments.

[15] We note that Morinskey did not file a reply brief or otherwise respond to the State's allegation that we should dismiss her appeal because she failed to timely file her notice of appeal.  "'In such a circumstance, if we find prima facie error, we may reverse.'"  *Amphonephong v. State*, 32 N.E.3d 825, 829–30 (Ind. Ct. App. 2015) (quoting *Townsend v. State*, 843 N.E.2d 972, 974 (Ind. Ct. App. 2006), *trans. denied*).  "In this context, prima facie is defined as at first sight, on first appearance, or on the face of it."  *Id.* (internal quotation marks omitted).

[16] Turning to the State's argument, we note that our Indiana Appellate Rules provide that a party who wishes to appeal must "initiate[] an appeal by conventionally filing a Notice of Appeal with the Clerk (as defined in Rule

2(D))[5] within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary." Ind. Appellate Rule 9(A)(1). Additionally, Appellate Rule 9(A)(5) provides that "unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by P.C.R.2."[6]

[17] Here, the trial court entered its final judgment orders in Cause FA-2 and F5-24 on February 19, 2016. Based on the date of the orders, Morinskey's notice of appeal was due on or before March 21, 2016. *See* App. R. 9(A)(1). Morinskey, however, filed her notice of appeal with our Court on April 29, 2016.[7] Accordingly, she filed her notice of appeal thirty-nine days late. Pursuant to Appellate Rule 9(A)(5), her failure to timely file her notice of appeal with our

---

[5] Appellate Rule 2(D) defines "Clerk" as "the Clerk of the Indiana Supreme Court, Court of Appeals[,] and Tax Court."

[6] Post-Conviction Rule 2 provides an avenue by which certain criminal defendants may pursue a direct appeal after the time for filing a notice of appeal has expired. Specifically, Post-Conviction Rule 2(1)(a) provides as follows:

> An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if;
>
> > (1) the defendant failed to file a timely notice of appeal;
> >
> > (2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
> >
> > (3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

[7] In regard to the trial court's purported treatment of Morinskey's March 9, 2016 letter as a notice of appeal and Morinskey's later filing of an amended notice of appeal with the trial court, we note that filing a notice of appeal with the trial court is no longer the procedure for initiating an appeal. *See* App. R. 9(A)(1). Indeed, such has not been the case since January 1, 2012. *See* App. R. 9(A)(1) (2012). While we did have a grace period from January 1, 2012, until January 1, 2014, during which a notice of appeal filed with the trial court clerk would be deemed timely filed, *see* App. R. 9(A)(5) (2012), that grace period had expired at the time Morinskey was required to file her notice of appeal with our Court.

Court results in Morinskey's "right to appeal . . . be[ing] forfeited except as provided by P.C.R.2."

[18] Our supreme court, however, has explained that an appellate court may restore a right of appeal that has been forfeited if there are "extraordinarily compelling reasons to do so." *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014). In *O.R.*, our supreme court concluded that, in an appeal of a father seeking to challenge the adoption of his child, there were extraordinarily compelling reasons that existed to restore the father's forfeited right to appeal. *Id.* at 972. In so finding, the *O.R.* Court cited to: (1) Appellate Rule 1, which provides that our Court may permit deviation from the Appellate Rules; (2) the father's timely attempt to initiate an appeal before the deadline for filing his notice of appeal; and (3) the parent-child relationship as a fundamental liberty interest and one of the most valued relationships of our culture. *Id.* Although not specifically enunciated by the *O.R.* Court, implicit in the Court's finding of extraordinarily compelling reasons was the fact that the father would have been forever precluded from appealing the trial court's adoption order.

[19] Here, however, Morinskey is attempting to file a direct appeal of her sentence in Cause F5-24 and of her probation revocation sentencing placement in Cause FA-2. In Cause F5-24, Morinskey is not forever precluded from appealing the trial court's sentencing order. Indeed, she would be able to appeal the trial court's ruling after seeking permission to file a belated notice of appeal for that cause pursuant to Post-Conviction Rule 2. She, however, would be unable seek permission to file a belated notice of appeal of the order in her probation

revocation cause, especially where she merely seeks to appeal the trial court's order that she serve one year in the Department of Correction after she agreed to admit the violations contained in the State's motion to commit her to the Department of Correction. *See Dawson v. State,* 938 N.E.2d 841, 845 (Ind. Ct. App 2010), *adopted and incorporated by reference by* 943 N.E.2d 1281 (Ind. 2011) (holding that belated appeals from an order revoking probation are not available under Post-Conviction Rule 2). Nevertheless, we do not find any extraordinary compelling reasons to restore Morinskey's forfeited right to this appeal, and we dismiss the appeal. *See, e.g.*, *Blinn v. Dyer*, 19 N.E.3d 821, 822 (Ind. Ct. App. 2014) (explaining that "while we *may* waive the apparent Appellate Rule 9(A)'s forfeiture requirement, we need not do so").

[20] Dismissed.[8]

Baker, J., and Mathias, J., concur.

---

[8] Our decision to dismiss this appeal should not be construed to reflect our position on the merits of the issues raised in the parties' appellate briefs.