## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 21 2019, 8:19 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Jay M. Lee
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David Turner, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent* | May 21, 2019 <br><br> Court of Appeals Case No. 18A-PC-1998 <br><br> Appeal from the Orange Circuit Court <br><br> The Honorable Steven L. Owen <br><br> Trial Court Cause No. 59C01-1510-PC-907 59C01-1510-PC-908 |

**May, Judge.**

[1] David Turner appeals the denial of his Indiana Post Conviction Rule 2 motion to file a belated notice of appeal. Turner wishes to file the belated notice of appeal in order to argue the trial court improperly denied his motion to withdraw guilty pleas to dealing in cocaine as a Class B felony[1] and dealing in methamphetamine as a Class B felony.[2] We affirm.

## Facts and Procedural History

[2] On November 10, 2014, Turner agreed to plead guilty to Class B felony dealing in methamphetamine in Cause No. 59C01-1403-FB-212 ("FB-212") and Class B felony dealing in cocaine in Cause No. 59C01-1112-FB-79 ("FB-79"). The agreement called for an aggregate sentence of sixteen years to be served in the Indiana Department of Correction, eight years on each count to be served consecutively. In exchange, the State agreed to dismiss five remaining counts in FB-212, five remaining counts in FB-79, charges against Turner in six other cases, and a pending petition to revoke probation.

[3] At the change of plea hearing, the trial court placed Turner under oath. Turner acknowledged he conferred with his attorneys prior to signing the plea agreement. Turner acknowledged he knew he had a right to a full and complete trial in front of a jury and he was choosing to resolve the matter through a

---

[1] Ind. Code § 35-48-4-1(a)(2).

[2] Ind. Code § 35-48-4-1.1(a)(1).

negotiated agreement. Turner testified he committed the crimes, and he denied being treated for any mental illness or suffering from any mental or emotional disability. The trial court advised Turner that, if he proceeded with trial and was found guilty, he would have a right to appeal his conviction. Turner acknowledged he understood that right and that he was giving up that right by agreeing to plead guilty.

[4] The trial court also advised Turner that he had the right to be represented by counsel both at trial and on appeal. The trial court noted Turner had been represented by five different attorneys and asked Turner if his current representation forced him to do anything he did not want to do. Turner stated that they had not. The trial court asked Turner whether he was satisfied with the representation he received from his attorneys, whether they had been good attorneys for him, and Turner replied "[v]ery much so, yes sir." (Appellant Am. Supp. App. Vol. II at 20.) Turner acknowledged that neither he nor his family or friends had been offered anything or received any promises besides what was contained in the plea agreement. Also, Turner denied that he had been forced or threatened into entering the plea agreement. The trial court then allowed Turner to plead guilty to Class B felony dealing in cocaine and Class B felony dealing in methamphetamine.

[5] On January 8, 2015, the date Turner was scheduled to be sentenced, he filed a Verified Motion to Withdraw Guilty Plea. Therein, Turner asserted "his plea was involuntary because he was nervous and not in his right mind at the time the plea was made" and "his plea was involuntary because it was improperly

induced by promises." (*Id.* at 49.) The trial court addressed Turner's motion at the sentencing hearing. The trial court read into the record portions of the transcript from the change of plea hearing and allowed Turner to present argument on his motion. Turner argued he pled guilty because a promise had been made related to the release of the money he posted for bail. The Sheriff of Orange County testified about the status of Turner's bond. The State opposed Turner's Motion to Withdraw Guilty Plea and noted Turner "has some sort of buyer[']s remorse at best and at worst he is just trying to gain [sic] the system." (*Id.* at 143-144.) The trial court denied Turner's Verified Motion to Withdraw Guilty Plea, sentenced him in accordance with the plea agreement, and granted the motions of Turner's counsel to withdraw their appearances. The trial court noted "the denial is a final and appealable order, no just cause for delay. This is a final and appealable sentence." (*Id.* at 147.)

[6] Turner did not file a notice of appeal within thirty days of the trial court's denial of his motion to withdraw guilty plea. Turner filed a *pro se* Petition for Post-Conviction Relief in July 2015. The trial court denied Turner's Petition but appointed the public defender's office to review and consider his Petition. The public defender's office appeared on Turner's behalf and filed a Verified Motion to Correct Error asserting the trial court erred in denying Turner's Petition before the public defender had the opportunity to consult with Turner and amend the Petition. The trial court granted the Motion to Correct Error and reinstated Turner's Petition. Turner subsequently filed a Verified Motion for Permission to File a Belated Notice of Appeal in July 2018, which the trial

court denied without holding a hearing and in an order containing no findings or conclusions.

# Discussion and Decision

[7] Generally, we will not reverse a trial court's decision to deny permission to file a belated notice of appeal unless there is an abuse of discretion. *Townsend v. State*, 843 N.E.2d 972, 974 (Ind. Ct. App. 2006), *trans. denied*. However, "when the allegations contained in the motion itself provide the only basis in support of a motion, we review the decision *de novo*." *Id*. Therefore, as the trial court denied Turner's motion without hearing, we review this matter *de novo*. *See id*.

[8] The Indiana Appellate Rules give a litigant thirty days to initiate an appeal of a final judgment. Ind. Appellate Rule 9(A)(1). A criminal defendant who does not file an appeal within that timeframe may seek permission from the trial court to file a belated appeal pursuant to Indiana Post-Conviction Rule 2. Ind. App. R. 9(A)(5). Post-Conviction Rule 2(1) provides that a trial court shall permit the defendant to file a belated notice of appeal if the defendant demonstrates:

> (1) the defendant failed to file a timely notice of appeal;
>
> (2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
>
> (3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

A defendant is required to make each showing by a preponderance of the evidence. *Amphonephong v. State*, 32 N.E.3d 825, 830 (Ind. Ct. App. 2015). There are no set standards to determine whether a defendant has been diligent in pursuing permission to file a belated notice of appeal. *Id.* We look to "the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his appellate rights, and whether he committed an act or omission [that] contributed to the delay." *Id.* (internal quotation marks omitted).

[9] Turner argues it was not his fault that he failed to timely file a notice of appeal because the trial court did not adequately explain his appellate rights or describe the process by which he might perfect his rights in regard to the denial of his motion to withdraw his guilty plea. Turner acknowledges he was advised of his right to appeal, but he argues the trial court erred by advising Turner of his appeal right deep within the sentencing statement, by not advising Turner of the process to perfect an appeal, and by dismissing his court appointed trial counsel. Notably, Turner does not cite any case law to support the proposition that the notice he received was inadequate.

[10] In *Jackson v. State*, we reversed and remanded for hearing on a motion to file belated notice of appeal when the limited record before us made it apparent the trial court failed to advise the defendant of his right to appeal his sentence and expressly advised him he could not challenge his conviction or sentence on direct appeal. 853 N.E.2d 138, 141 (Ind. Ct. App. 2006). In contrast to *Jackson*, the record in this case demonstrates Turner was advised of his right to appeal

the denial of his motion to withdraw guilty plea. (Appellant Am. Supp. App. Vol. II at 147.) Turner has not demonstrated the timing of the statement is relevant to our analysis.

[11] Turner also argues he was diligent in requesting permission to file a belated notice of appeal because he filed a *pro se* petition for post-conviction relief within six months and any further delay should not be attributable to him, even though the motion to file a belated appeal was filed three and a half years after he was sentenced. However, our Indiana Supreme Court has held that a petition under Post-Conviction Rule 2 would have been unsuccessful when the defendant testified that he had read and understood the plea agreement, which stated the defendant retained the right to directly appeal his sentence, the defendant failed to timely appeal his sentence, and the defendant had considerable prior experience with the criminal justice system. *Hill v. State*, 960 N.E.2d 141, 150 (Ind. 2012), *reh'g denied*.

[12] Like the defendant in *Hill*, Turner was notified regarding his appellate rights and had numerous past encounters with the legal system. The trial court notified Turner at the sentencing hearing that he could appeal the denial of his motion to withdraw guilty plea. Additionally, Turner is a middle-aged adult male with an extensive criminal history. He was born in 1971. Turner accumulated six misdemeanor convictions between 1989 and 1991, and he received his first felony conviction for Class D felony theft in 1992. Turner continued to pursue a criminal lifestyle, attaining fifteen additional misdemeanor and five additional felony convictions between 1992 and 2005.

Thus, he has some familiarity with the operation of the legal system and should be aware of the importance of timely initiating an appeal. Therefore, considering all these circumstances, we cannot say Turner was diligent in requesting permission to file a belated notice of appeal. *See Witt v. State*, 867 N.E.2d 1279, 1282 (Ind. 2007) (holding defendant was not diligent in requesting permission to file a belated notice of appeal when request came nine and a half years after sentencing).

[13] Neither does the record indicate the trial court erred in denying Turner's motion to withdraw his guilty plea. The denial of a motion to withdraw a guilty plea will be reversed only if the trial court abused its discretion in denying the motion. *Jefferies v. State*, 966 N.E.2d 773, 777 (Ind. Ct. App. 2012), *trans. denied*. "In determining whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we examine the statements made by the defendant at the guilty plea hearing to decide whether the plea was offered 'freely and knowingly.'" *Id*. (quoting *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001)).

[14] Here, the record demonstrates Turner's statements at the change of plea hearing were offered freely and knowingly. Prior to entry of his plea, Turner testified he was satisfied with his representation, no promises had been made to him that were not memorialized in the plea agreement, and he was not suffering from any mental or emotional disability. Turner answered the trial court's questions at the change of plea hearing directly and without equivocation. Thus, there is no evidence that the trial court abused its discretion in denying Turner's motion

to withdraw his guilty plea. *See Coomer v. State*, 652 N.E.2d 60, 63 (Ind. 1995) (holding trial court was not required to grant motion to withdraw guilty plea considering defendant's clear testimony, prior to entry of plea, that he was not pressured into pleading guilty).

# Conclusion

Turner has failed to demonstrate he was not at fault for failing to timely file a notice of appeal and he was diligent in filing his motion for belated appeal. Neither does the record suggest the trial court abused its discretion by denying Turner's motion to withdraw his guilty plea. Therefore, we affirm the trial court's denial of his motion.

Affirmed.

Baker, J., and Tavitas, J., concur.