Daniel Boone COLLINS, Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 49S05–0404–PC–189.

Supreme Court of Indiana.

Nov. 9, 2004.

Susan K. Carpenter, Public Defender of
Indiana, Gregory J. Garvey, Deputy Public
Defender, Indianapolis, IN, Attorney for
Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorney for Appellee.

SULLIVAN, Justice.

In this case, we resolve a conflict in the Court of Appeals over whether an individual who pleads guilty to an offense in an "open plea" is entitled to challenge the sentence imposed by means of a petition of post-conviction relief. Following *Taylor v. State*, 780 N.E.2d 430 (Ind.Ct.App.2003), *trans. denied*, 804 N.E.2d 760 (Ind.2003), we hold that such claims must be raised on direct appeal if at all. We also point out that Ind. Post–Conviction Rule 2 may be available for this purpose.

**Background**

In October, 1996, Collins pled guilty to charges of child molesting as a Class B felony and being a habitual offender. There was no agreement between Collins and the State as to sentence. In the absence of an agreement, the trial court sentenced Collins to 20 years on the Class B felony and an additional 30 years on the habitual offender enhancement.

Collins did not file a direct appeal. In February, 2000, Collins filed a pro se petition for post-conviction relief. The petition was amended in April, 2002. In the amended petition for post-conviction relief, Collins claimed that he had been erroneously sentenced.

In December, 2002, the post-conviction court denied Collins's petition, finding that his sentencing claim was not available because he could have raised but did not raise the issue on direct appeal.

The Court of Appeals affirmed the post-conviction court's denial of Collins's post-conviction relief petition on its merits but in doing so rejected the State's argument that Collins's challenge to his sentence had been waived due to procedural default. *Collins v. State*, 800 N.E.2d 609, 614 (Ind. Ct.App.2003).

On the same date it issued its opinion in *Collins*, the Court of Appeals also decided *Gutermuth v. State*, 800 N.E.2d 592 (Ind. Ct.App.2003), in which another individual who had pled guilty without an agreement as to sentence challenged his sentence by filing a petition for post-conviction relief, rather than filing a direct appeal. The Court of Appeals reached the same result in *Gutermuth* as it did here.

The State sought transfer in both this case and *Gutermuth*, contending that the sentencing claims had been procedurally defaulted because they had not been raised on direct appeal. Collins also sought transfer. We denied the Collins's Petition to Transfer, *Collins v. State*, 812 N.E.2d 803 (Ind.2004), but granted the State's, *Collins v. State*, 2004 Ind. LEXIS 402 (Ind.2004).

**Discussion**

■ A person who pleads guilty is not permitted to challenge the propriety of that conviction on direct appeal. However, a person who pleads guilty is entitled to contest on direct appeal the merits of a trial court's sentencing decision where the trial court has exercised sentencing discretion, i.e., where the sentence is not fixed by the plea agreement. *Tumulty v. State*, 666 N.E.2d 394, 395–96 (Ind.1996). (A plea agreement where the issue of sentencing is left to the trial court's discretion is often referred to as an "open plea." *See, e.g., Green v. State*, 811 N.E.2d 874, 876 (Ind.Ct.App.2004); *Benson v. State*, 780 N.E.2d 413, 420 (Ind.Ct.App.2002), *trans. denied*, 804 N.E.2d 746 (Ind.2003); *Huddleston v. State*, 764 N.E.2d 655, 657 (Ind.Ct.App.2002), *trans. denied*, 774 N.E.2d 508 (Ind.2002). We will use that terminology in this opinion.)

■ It is also is well-settled that, because a post-conviction relief proceeding is not a substitute for direct appeal but rather a process for raising issues unknown or not available at trial, an issue known and available but not raised on direct appeal may not be raised in post-conviction proceedings. *Bunch v. State,* 778 N.E.2d 1285, 1289 (Ind.2002).

■ In this case and in *Gutermuth,* we are asked to determine whether an individual who pled guilty in an open plea may challenge the sentence in post-conviction proceedings or whether the claim is not available because it could have been but was not raised on direct appeal.

During the guilty plea hearing, the original trial court instructed Collins, "Now when you plead guilty, see, if we had gone to trial and you had been convicted after a trial, Mr. Collins, you could have taken an appeal. When you plead guilty you waive your right to an appeal." (Def.'s Ex. A at 17–18.) The Court of Appeals found that the trial court's instruction "misinformed" Collins that he "completely waived the right to appeal when he pled guilty." *Collins,* 800 N.E.2d at 616. Out of "fairness," the Court of Appeals concluded that Collins's challenge to his sentence was available to be raised in a petition for post-conviction relief. *Id.* at 614. (The Court of Appeals in *Gutermuth* used a similar analysis to conclude that post-conviction proceedings were available to challenge the sentence imposed in that case.)

*Collins* and *Gutermuth* are in conflict with the Court of Appeals opinion in *Taylor v. State,* 780 N.E.2d 430, 435 (Ind.Ct. App.2002), *trans. denied,* 804 N.E.2d 760 (Ind.2003). As in the cases before us, the petitioner in *Taylor* challenged in post-conviction proceedings the sentence imposed in an open plea; he too had not filed a direct appeal. The post-conviction court denied relief and the Court of Appeals affirmed, finding the issue not available for post-conviction review because it had been known and available for review on direct appeal. *Taylor,* 780 N.E.2d at 435.

The Court of Appeals in *Taylor* properly relied upon our decision in *Bunch v. State,* where we found that a defendant convicted by a jury who had not raised his sentencing claim on direct appeal was foreclosed from raising it later in a post-conviction relief proceeding. *Taylor,* 780 N.E.2d at 432–33 (*citing Bunch,* 778 N.E.2d 1285, 1289 (Ind.2002)). And the *Taylor* court correctly observed that there is no distinction for these purposes between a sentence imposed following a jury trial and an open plea.

In particular, we adopt the following paragraph from *Taylor:*

> We recognize that *Reffett* [*v. State,* 571 N.E.2d 1227 (Ind.1991),] and other cases suggest that post-conviction procedures are a proper method of addressing sentencing errors. *See also* Ind. Post–Conviction Rule 1(1)(a)(3). Be that as it may, we simply cannot ignore the fact that, in the case before us, Taylor makes no claim that he was somehow unable to file a direct appeal. Rule 7(A) of the Indiana Rules of Appellate Procedure clearly states that "a defendant in a Criminal Appeal may appeal the defendant's sentence." *See also Tumulty,* 666 N.E.2d at 395–96. Applying the holding of *Bunch, supra,* [760 N.E.2d 1163], to the case before us, we conclude that Taylor has forfeited his claim of sentencing error by failing to present it upon direct appeal, when such could have been so presented. Taylor admits that he filed no direct appeal, and we can discern no difference between this situation and one in which a defendant does file a direct appeal, but fails to present an issue to the court. The fact remains that the sentencing issue could

have been presented upon direct appeal but was not. Thus, this issue is not available to Taylor upon a petition for post-conviction relief. *See Woods [v. State]*, 701 N.E.2d [1208,] 1213 [ (Ind. 1998) ].

*Taylor*, 780 N.E.2d at 435.

The Court of Appeals in *Collins* and *Gutermuth* found their respective cases distinguishable from *Taylor* because the petitioners had not been advised that they had a right to appeal their sentences and, indeed, had been told, "When you plead guilty you waive your right to an appeal." *Collins*, 800 N.E.2d at 613.

■ The fact that the trial court at a guilty plea hearing does not advise the defendant in an open plea situation that the defendant has the right to appeal the sentence to be imposed does not warrant an exception to the rule that sentencing claims must be raised on direct appeal. This is because Indiana Post–Conviction Rule 2 will generally be available to an individual in this situation.[1] Post–Conviction Rule 2 permits an individual convicted after a trial or guilty plea who fails to file a timely notice of appeal to petition for permission to file a belated notice of appeal where the failure to file a timely notice of appeal is not the fault of the individual; and the individual is diligent in requesting permission to file a belated notice of appeal. Post–Conviction Rule 2 also gives a petitioner the right to appeal a trial court's denial of a belated notice of appeal. *See Davis v. State*, 771 N.E.2d 647, 648–49 (Ind.2002).

■ We hold that the proper procedure for an individual who has pled guilty in an open plea to challenge the sentence imposed is to file a direct appeal or, if the time for filing a direct appeal has run, to file an appeal under P–C. R. 2. Here the post-conviction court should have dismissed the petition for post-conviction relief for lack of jurisdiction without prejudice to any right Collins may have to file a belated notice of appeal in accordance with the requirements of P–C. R. 2.

Given our resolution of the procedural issues in this case, we find no need to review the merits of Collins's sentencing claim.

### Conclusion

Having previously granted transfer, thereby vacating the opinion of the Court of Appeals, we remand to the post-conviction court with instructions to vacate its order denying Collins's petition for post-conviction relief and to enter an order dismissing Collins's petition for post-conviction relief without prejudice.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.

---

1. We acknowledge some ambiguity in Ind. Post–Conviction Rule 2 both as to the issue raised in this appeal and the issue resolved in *Tumulty v. State*, 666 N.E.2d 394 (Ind.1996), discussed in the text. We have amended P–C. R. 2 in an effort to eliminate the ambiguity. *See* Order Amending Ind. Rules of Procedure for Post–Conviction Remedies (Ind. Sept. 30, 2004), http://www.in.gov/judiciary/orders/rule–amendments/2004/0904–pcr.pdf.