ALI HAKIM a/k/a JESSE JAMES WILLIAMS, Appellant-Defendant,
v.
STATE OF INDIANA, Appellee-Plaintiff.
No. 48A04-0511-PC-678.
Court of Appeals of Indiana.
December 28, 2006.
ALI HAKIM, Greencastle, Indiana, APPELLANT PRO SE.
STEVE CARTER, Attorney General of Indiana MATTHEW D. FISHER, Deputy Attorney General Indianapolis, Indiana, ATTORNEYS FOR APPELLEE.

MEMORANDUM DECISION
KIRSCH, Chief Judge.
Ali Hakim, a/k/a "Jesse James Williams," appeals the denial of his petition for post-conviction relief. Hakim claims that his sentence was in error because his convictions violated double jeopardy principles, that the trial court modified his sentence outside of his presence, and that the trial court inappropriately imposed the habitual offender enhancement.
We affirm.

FACTS AND PROCEDURAL HISTORY
On October 7, 1998, Hakim pled guilty to twelve counts of forgery[1] as Class C felonies, eight counts of check fraud[2] as Class D felonies, one count of receiving stolen property[3] as a Class D felony, and of being an habitual offender.[4] Hakim was sentenced to eight years of incarceration with two years suspended for each Class C felony, and three years for each Class D felony, with all sentences running concurrently. He was also given a six-year enhancement for the habitual offender adjudication. At the time of these offenses, Hakim was on probation from an earlier conviction. The trial court revoked Hakim's probation and reinstated his previously suspended eight-year sentence, which was to be served prior to the sentences in this case. In all, Hakim was sentenced to serve twenty years in prison.
In February of 1999, the trial court granted Hakim's petition for a belated appeal of his sentence. On direct appeal, we affirmed Hakim's sentence, finding the trial court did not err in weighing the relevant mitigators and aggravators and Hakim's sentence was not manifestly unreasonable. Williams, a.k.a, Hakim v. State, 48A02-9902-CR-98 (Ind. Ct. App. Nov. 19, 1999). On October 17, 2005, the post-conviction court denied Hakim's petition finding no sentencing error. Hakim now appeals.

DISCUSSION AND DECISION
"A person who pleads guilty is entitled to contest on direct appeal the merits of a trial court's sentencing decision where the trial court has exercised sentencing discretion." Collins v. State, 817 N.E.2d 230, 231 (Ind. 2004). Here, Hakim unsuccessfully brought such an appeal. Post-conviction relief proceedings are not a substitute for a direct appeal. Id. at 232. Instead, they provide an opportunity for an inmate to bring matters unknown or unavailable at trial. Id. If the matter was known at trial or at the time of the direct appeal, a defendant may not later make a challenge in a post-conviction proceeding. Id. (citing Bunch v. State, 778 N.E.2d 1285, 1289 (Ind. 2002)).
In his petition for post-conviction relief, Hakim claims the trial court erred in three instances; specifically: (1) the trial court improperly imposed the habitual offender enhancement; (2) the trial court modified his sentence outside his or his lawyer's presence; and (3) his convictions for check deception and forgery violated double jeopardy. Hakim has waived each of these claims. First, by pleading guilty, Hakim waived his right to contest his convictions on the basis of double jeopardy. See Mapp v. State, 770 N.E.2d 332, 334 n.1 (Ind. 2002) (by pleading guilty, defendant waived his right to collaterally attack his plea on the basis of double jeopardy). Second, by challenging his sentence on direct appeal and failing to raise the issues relating to the habitual offender enhancement and the modification of his sentence  both of which were known to Hakim at the time of his earlier appeal, Hakim waived any right to raise sentencing issues by post-conviction relief proceedings. See Collins, 817 N.E.2d at 232.
Affirmed.
SHARPNACK, J., and MATHIAS, J., concur.
NOTES
[1] See IC XX-XX-X-X(b).
[2] See IC XX-XX-X-XX.
[3] See IC XX-XX-X-X.
[4] See IC XX-XX-X-X.