**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 14 2012, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**HUGH N. TAYLOR**
Hugh N. Taylor, P.C.
Auburn, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana
Indianapolis, Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PAUL MICHAEL KAGE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 76A03-1108-CR-379 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE STEUBEN SUPERIOR COURT
The Honorable William C. Fee, Judge
Cause No. 76D01-1105-FC-397

**MARCH 14, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Paul Michael Kage pleaded guilty to operating a motor vehicle after lifetime forfeiture of driving privileges, a Class C felony. Ind. Code § 9-30-10-17 (1993). He appeals, arguing that his plea agreement should be set aside. Concluding that Kage may not challenge the validity of his guilty plea on direct appeal, we dismiss.

## ISSUE

Kage raises one issue, which we restate as: whether the trial court erred by accepting Kage's guilty plea.

## FACTS AND PROCEDURAL HISTORY

The State charged Kage with operating a motor vehicle after lifetime forfeiture of driving privileges; resisting law enforcement, a Class D felony, Ind. Code § 35-44-3-3 (2011); and operating a vehicle while intoxicated in a manner endangering a person, a Class A misdemeanor, Ind. Code § 9-30-5-2 (2001). The State also alleged that Kage was a habitual offender. Ind. Code § 35-50-2-8 (2005).

On the morning of his trial, Kage appeared before the court, with counsel, and moved to enter a plea of guilty to the charge of operating a motor vehicle after lifetime forfeiture of driving privileges. The parties represented to the court that the State would dismiss the remaining charges in exchange for Kage's guilty plea. There was no written plea agreement. The trial court subsequently accepted Kage's plea. At a sentencing hearing, the trial court sentenced Kage to eight years, and the State dismissed the other charges. Kage did not file a motion to withdraw his guilty plea. This appeal followed.

## DISCUSSION AND DECISION

Kage argues that his plea agreement was erroneous because it was not reduced to writing and that he did not understand the terms of the agreement. The State contends that Kage cannot challenge his guilty plea on direct appeal.

A person who pleads guilty is not permitted to challenge the propriety of that conviction on direct appeal. *Collins v. State*, 817 N.E.2d 230, 231 (Ind. 2004). Instead, a petition for post-conviction relief is the appropriate vehicle for challenging a guilty plea. *See Tumulty v. State*, 666 N.E.2d 394, 396 (Ind. 1996) (determining that the defendant could not challenge the factual basis for his guilty plea on direct appeal).

In this case, Kage concedes that he is seeking "to set aside the plea agreement and subsequent sentencing based on the plea agreement." Appellant's Br. p. 8. In other words, he is presenting on direct appeal a challenge to the validity of his guilty plea, which is barred by *Collins* and *Tumulty*. In the absence of a proper claim for appellate review, we dismiss Kage's appeal.

## CONCLUSION

For the reasons stated above, we dismiss this appeal without prejudice to Kage's right to challenge the validity of his guilty plea in post-conviction proceedings.

Dismissed.

RILEY, J., and CRONE, J., concur.

3