**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**RONALD WILLIAMS**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RONALD WILLIAMS, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1110-CR-616 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Sheila A. Carlisle, Judge
Cause No. 49G03-9807-CF-123641

**August 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Ronald Williams appeals the trial court's denial of his motion to correct erroneous sentence. We affirm.

**Issue**

Williams raises one issue on appeal, which we restate as whether the trial court abused its discretion by denying his motion to correct erroneous sentence.

**Facts**

In 1999, the trial court sentenced Williams to fifty-five years for murder, enhanced by twenty years for his status as an habitual offender. Our supreme court affirmed Williams's conviction on direct appeal. See Williams v. State, 749 N.E.2d 1139, 1140-41 (Ind. 2001). Williams then filed a petition for post-conviction relief, which the post-conviction court denied. On appeal, we affirmed the denial of post-conviction relief. See Williams v. State, No. 49A04-0409-PC-482 (Ind. Ct. App. Feb. 3, 2005).

In October 2011, Williams filed a pro se motion to correct erroneous sentence. Williams argued that one of the predicate offenses used to confirm his status as an habitual offender was actually ineligible because it was his one and only drug offense. The trial court summarily denied Williams's motion, and he now appeals.

**Analysis**

Williams argues that the trial court erred by denying his motion to correct erroneous sentence. When reviewing a trial court's decision to deny a motion to correct an erroneous sentence, we defer to the trial court's factual findings and review such a

decision for an abuse of discretion. See Felder v. State, 870 N.E.2d 554, 560 (Ind. Ct. App. 2007). An abuse of discretion will be found only when the trial court's decision is against the logic and effect of the facts and circumstances before it. Id. However, the trial court's legal conclusions are reviewed under a de novo standard of review. Id.

The State provides three reasons to affirm the trial court's decision. We agree with all three. First, Williams's claim may not be raised in a motion to correct erroneous sentence. An inmate who believes he or she has been erroneously sentenced may file a motion to correct the sentence pursuant to Indiana Code Section 35-38-1-15:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

A motion to correct erroneous sentence is appropriate when the sentence is "erroneous on its face." Neff v. State, 888 N.E.2d 1249, 1251 (Ind. 2008) (quoting Robinson v. State, 805 N.E.2d 783, 786 (Ind. 2004)). Other sentencing errors must be addressed via direct appeal or post-conviction relief. Id. Furthermore, a motion to correct erroneous sentence may only be used to correct sentencing errors that are clear from the face of the formal judgment of conviction, not from the abstract of judgment. Id. If a county does not offer formal judgments of conviction, such as in Marion County where Williams was

3

sentenced, then the abstract of judgment may act as an appropriate substitute for purposes of making a claim. Id.

The abstract of judgment in Williams's case is not facially erroneous. Williams relies upon Indiana Code Section 35-50-2-8(d)(3)(C), which provides that:

> (d) A conviction does not count for purposes of this section as a prior unrelated conviction if:
>
> * * * * *
>
> (3) all of the following apply:
>
> * * * * *
>
> (C) The total number of unrelated convictions that the person has for:
>
>> (i) dealing in or selling a legend drug under I.C. § 16-42-19-27;
>>
>> (ii) dealing in cocaine or a narcotic drug (I.C. 35-48-4-1);
>>
>> (iii) dealing in a schedule I, II, or III controlled substance (I.C. 35-48-4-2).
>>
>> (iv) dealing in a schedule IV controlled substance (I.C. 35-48-4-3); and
>>
>> (v) dealing in a schedule V controlled substance (I.C. 35-48-4-4);
>
> does not exceed one (1).

Williams claims that his 1998 predicate offense of Class C felony possession of cocaine was his lone drug offense and according to the foregoing provision, its use was prevented as a predicate felony conviction for purposes of the habitual offender enhancement.

The abstract of judgment provides no insight into Williams's claim. To prove Williams's claims, one would need to research his criminal history, which is not apparent from the abstract of judgment. The narrow confines of the procedure for a motion to correct erroneous sentence are to be strictly applied, and any required review of a criminal history is not included within the purview of a motion to correct erroneous sentence. See Hoggatt v. State, 805 N.E.2d 1281, 1282-84 (Ind. Ct. App. 2004) (finding the use of motion to correct erroneous sentence improper where the sentencing error was not evident on the face of the abstract of judgment), trans. denied.

Second, Williams pled guilty to being a habitual offender and admitted both to the factual basis and to his status as an habitual offender. Williams, 749 N.E.2d at 1141. Therefore, Williams may not directly challenge his habitual offender enhancement. "A person who pleads guilty is not permitted to challenge the propriety of that conviction on direct appeal." Collins v. State, 817 N.E.2d 230, 231 (Ind. 2004).

Finally, the subsection on which Williams relies was enacted in 2001. Williams pled guilty to the habitual offender enhancement in 1999. "Subsequently enacted ameliorative statutes are available only if the statute becomes effective before sentencing." Polk v. State, 822 N.E.2d 239, 252 (Ind. Ct. App. 2005), trans. denied. Subsection (d)(3) of the habitual offender statute does not apply to Williams.

5

For all of the aforementioned reasons, the trial court did not abuse its discretion when it denied Williams's motion to correct erroneous sentence.

## Conclusion

The trial court properly denied Williams's motion to correct erroneous sentence. We affirm.

Affirmed.

VAIDIK, J., and MATHIAS, J., concur.