**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**CHRISTOPHER A. CAGE**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Feb 15 2013, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DENNIS WHITE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1207-CR-588 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Thomas Newman, Jr., Judge
Cause No. 48C03-1203-FB-410

**February 15, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Dennis White appeals the trial court's order of maximum and consecutive sentences, totaling fourteen years executed, after White pled guilty to one count each of Class C felony criminal confinement, Class D felony criminal confinement, and Class D felony torturing or mutilating a vertebrate animal. White's plea was made pursuant to an agreement with Appellee-Plaintiff the State of Indiana in exchange for the State's dismissal of twelve additional felony charges against him. The agreement left the sentence open to the trial court's discretion and further provided that White "waives the right to appeal any sentence imposed by the Court … so long as the Court sentences the defendant within the terms of this plea agreement." Concluding that White knowingly and intelligently waived the right to appeal his sentence, we affirm.

## FACTS AND PROCEDURAL HISTORY

On February 23, 2012, an argument erupted between White and his girlfriend, Wendy Shipley, at the couple's home in Anderson. The argument involved Shipley's $1300 tax refund, which Shipley refused to share with White. During their argument, White physically restrained Shipley on a couch, slapped her in the face, and grabbed her throat so Shipley could not breathe. Shipley's pit bull, Coco, came to Shipley's defense and bit White on his buttock. White pushed the dog away, allowing Shipley to rise from the couch. As the argument continued, Shipley's son-in-law arrived at the home and tried to defuse the situation. White prohibited the son-in-law from leaving the house until White and Shipley resolved their dispute. Eventually, Shipley fled the home, leaving Coco and the dog's eight two-week-old puppies behind. Shipley later called White, inquiring about Coco and the puppies. White informed Shipley that he had taken the

dogs to the local animal shelter and that Coco had been euthanized.

At some point, after the argument, officers from the Anderson Police Department went to the couple's home "to investigate a trouble with call."[1] Tr. p. 8. The officers found blood in several rooms, including blood splatter "[f]ive feet or higher on the walls" that "contained what appeared to be dog hair." Appellant's App. p. 39. Coco was found dead in a closet with multiple stab wounds, and White admitted to stabbing the dog with a knife. The officers also found the eight puppies, all dead or near death. Anderson Animal Control Officer Danny Davis came and collected the puppies, noting that some of their heads were caved in due to trauma.

The State charged White with fifteen crimes, consisting of one count each of Class B felony robbery, Class B felony robbery resulting in bodily injury, Class C felony criminal confinement, Class D felony strangulation, Class D felony criminal confinement, Class D felony domestic violence animal cruelty, and Class D felony killing a domestic animal; and eight counts of Class D felony torturing or mutilating a vertebrate animal. On May 9, 2012, White entered into a plea agreement with the State, whereby White agreed to plead guilty to one count each of Class C felony criminal confinement, Class D felony criminal confinement, and Class D felony torturing or mutilating a vertebrate animal. In exchange for his plea, the remaining charges were to be dismissed.

With regard to sentencing, White's plea agreement provided, "The sentence shall be open to the Court." Appellant's App. p. 8 (emphasis omitted). The agreement further provided:

---

[1] The record does not reveal whether this investigation was related to the couple's argument or an unrelated matter.

The Defendant hereby waives the right to appeal any sentence imposed by the Court, including the right to seek appellate review of the sentence pursuant to Indiana Appellate Rule 7(B), so long as the Court sentences the defendant within the terms of this plea agreement. It is further agreed that the sentence recommended and/or imposed is the appropriate sentence to be served pursuant to this agreement and the defendant hereby waives any future request to modify the sentence under I.C. 35-38-1-17.

Appellant's App. p. 9. On May 21, 2012, the trial court conducted a guilty plea hearing, where White confirmed that his plea was his "own free and voluntary act" and that he was satisfied with the representation of his counsel. Tr. p. 7.

The trial court held a sentencing hearing on June 18, 2012. After reviewing White's extensive criminal history,[2] the trial court stated:

It's unbelievable the aggravating circumstances in this case far outweigh any mitigating circumstances. Therefore based upon the aggravating circumstances and the kind of person that Mr. White has shown the court disdain for the law abiding citizenry that we should be expected to have in this community and to what he's done, deserves and enhances sentence on each case and each to run consecutive to one another.

Tr. p. 26-27. Consequently, the trial court sentenced White to eight years in the Department of Correction for his conviction of Class C felony criminal confinement, three years for his conviction of Class D felony criminal confinement, and three years for his conviction of Class D felony torturing or mutilating a vertebrate animal. White's consecutive sentences totaled fourteen years.

## DISCUSSION AND DECISION

---

[2] Since 1984, White has been charged multiple times each with burglary, theft, operating a vehicle while intoxicated, disorderly conduct, public intoxication, resisting law enforcement, check deception, and battery resulting in bodily injury. Additional charges against White have included, *inter alia*, assault, battery, domestic battery, battery by bodily waste, battery resulting in bodily injury to law enforcement officer, and battery resulting in injury to family member.

4

White argues that the trial court abused its discretion by failing to recognize his guilty plea as a significant mitigating circumstance. White also argues that his maximum and consecutive sentences are inappropriate in light of his character and the nature of his offense. The State argues that White has waived these claims for appellate review, and we agree.

"Where a plea agreement leaves sentencing to the trial court's discretion, a defendant is entitled to contest on direct appeal the merits of a trial court's sentencing decision." *Bowling v. State*, 960 N.E.2d 837, 841 (Ind. Ct. App. 2012) (citing *Collins v. State*, 817 N.E.2d 230, 231 (Ind. 2004)), *trans. denied*. "However, our supreme court has held that a defendant can waive the right to appellate review of his sentence as a part of a written plea agreement as long as such waiver is made knowingly and voluntarily." *Id.* (citing *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008)).

Here, White's plea agreement specifically provided that he was waiving the right to appeal his sentence, and White acknowledged to the trial court that his plea was voluntary. "[A] trial court is not required to make express findings regarding a defendant['s] intention to waive his appellate rights." *Id.* (citing *Creech*, 887 N.E.2d at 77 ("Acceptance of the plea agreement containing the waiver provision is sufficient to indicate that, in the trial court's view, the defendant knowingly and voluntarily agreed to the waiver.")). Moreover, White does not contend that his plea agreement or its waiver provision was signed unknowingly or involuntarily. Concluding that White's waiver is fully enforceable, we hold that White cannot challenge his sentence on appeal.

The judgment of the trial court is affirmed.

NAJAM, J., and FRIEDLANDER, J., concur.