**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**RAPHAEL MILES**
Indianapolis Re-Entry Educational Facility
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RAPHAEL MILES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1306-CR-295 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Kelli E. Fink, Magistrate
Cause No. 82C01-0004-CF-472

**December 19, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Raphael Miles, pro se, appeals the trial court's denial of his motion to correct erroneous sentence. The sole issue presented for our review is whether the trial court abused its discretion when it denied the motion. Finding no abuse of discretion, we affirm.

## Facts and Procedural History

The facts indicate that a jury convicted Miles of two counts of class B felony dealing in cocaine and one count of class A misdemeanor dealing in marijuana. Miles also pled guilty to being a habitual offender. On June 27, 2001, the trial court sentenced Miles to concurrent sentences of fifteen years for counts I and III, the class B felonies, and one year for count II, the class A misdemeanor. The trial court enhanced the sentence on count I by twenty years for the habitual offender finding, resulting in an aggregate sentence of thirty-five years.

Miles appealed to this Court, and we affirmed his convictions in a published opinion. *Miles v. State*, 764 N.E.2d 237 (Ind. Ct. App. 2002), *trans. denied*. Miles subsequently filed a pro se motion for post-conviction relief, arguing that he was denied the effective assistance of trial and appellate counsel. The post-conviction court summarily dismissed the petition with prejudice. However, on appeal, we reversed and remanded to the post-conviction court. *Miles v. State*, No. 82A01-0711-PC-529 (Ind. Ct. App. Dec. 31, 2009). Following remand, the post-conviction court denied the petition on December 22, 2011. Thereafter, on August 13, 2012, Miles filed a pro se motion to correct erroneous sentence. The trial court denied the motion. This appeal ensued.

2

## Discussion and Decision

We review a trial court's denial of a motion to correct erroneous sentence only for an abuse of discretion. *Fry v. State*, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.* An inmate who believes that he has been erroneously sentenced may file a motion to correct the sentence pursuant to Indiana Code Section 35-38-1-15, which provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

A motion to correct erroneous sentence may be filed only to address a sentence that is "erroneous on its face." *Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004). Such motion may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. *Id.* at 787. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence. *Id.* Sentencing claims that are not facially apparent "may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." *Id.* The narrow confines of the procedure for a motion to correct erroneous sentence are to be strictly applied. *Id.* at 786.

Here, Miles challenges the sufficiency of the evidence to support the habitual offender finding. This is not a proper claim for a motion to correct erroneous sentence because it is

3

not a challenge to a sentence that is erroneous on its face. Instead, it necessarily requires consideration of the habitual offender charging information as well as evidence presented at the sentencing hearing, which we may not consider.[1] Moreover, Miles pled guilty to being a habitual offender and admitted the factual basis underlying that charge. Therefore, Miles may not directly challenge his habitual offender enhancement. "A person who pleads guilty is not permitted to challenge the propriety of that conviction on direct appeal." *Collins v. State*, 817 N.E.2d 230, 231 (Ind. 2004). The trial court did not abuse its discretion when it denied Miles's motion to correct erroneous sentence.

Affirmed.

BAKER, J., and NAJAM, J., concur.

---

[1] We note that Miles included neither an abstract of judgment nor a judgment of conviction in the record on appeal. He claims that none exists. This is of no moment for our purposes because his motion to correct erroneous sentence does not seek review of any facial error in those documents but improperly seeks consideration of extrinsic evidence.

4