## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 16 2015, 9:07 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Sean P. Hilgendorf
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jermaine Munn, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff,*

September 16, 2015

Court of Appeals Case No.
71A04-1503-CR-96

Appeal from the St. Joseph
Superior Court

The Honorable Jerome Frese,
Judge

Trial Court Cause No.
71D03-1406-MR-7

**Bradford, Judge.**

# Case Summary

In 2014, Appellee-Plaintiff the State of Indiana ("the State") charged Appellant-Defendant Jermaine Munn, Jr. with murder and Class B felony robbery. Munn pled guilty to murder. Pursuant to the plea agreement, the State dropped the robbery charge and left sentencing to the trial court's discretion. The trial court sentenced Munn to a sixty-five-year executed term. Munn appeals, arguing that his sentence is inappropriate. We affirm the trial court's sentence.

# Facts and Procedural History

On April 16, 2014, then-sixteen-year-old Munn and his friend, Shane Williams, agreed to rob Nathan Hall of marijuana and money. The plan was for Williams to pretend to purchase marijuana from Hall and for Munn to arrive at the transaction location and act as if he were robbing both men. Williams contacted Hall and the two agreed to meet in order for Williams to purchase marijuana from Hall. Once Williams and Hall met, Munn approached the two carrying a 9mm handgun. Munn demanded property from Williams and Hall and pointed the handgun at Hall's face. Hall then began emptying his pockets and stated, "Shane, are you going to do me this way?" App. p. 62. Munn then stated, "he knows your name?", and shot Hall once in the face, killing him. App. p. 62. Munn and Williams then took marijuana and $80.00 in cash from Hall and fled the scene.

On June 11, 2014, the State charged Munn with murder and Class B felony robbery. On October 13, 2014, Munn entered into a plea agreement with the State whereby Munn would plead guilty to murder and, in return, the State

would dismiss the robbery charge. With regard to sentencing, the plea agreement read as follows:

> The parties will be free to argue at sentencing.
>
> * * *
>
> [T]he Defendant has been advised, and understands, that the possible penalty for Murder, a felony, is imprisonment for a period of between forty-five (45) years and sixty-five (65) years with the advisory sentence being fifty-five (55) years….
>
> I understand that I have a right to appeal my sentence if there is an open plea. An open plea is an agreement which leaves my sentence to the Judge's discretion. As a condition of entering this plea agreement I knowingly and voluntarily agree to waive my right to appeal my sentence on the basis that it is erroneous or for any other reason so long as the Judge sentences me within the terms of my plea agreement.

App. pp. 17-18. On March 6, 2015, the trial court sentenced Munn to sixty-five years imprisonment.

# Discussion and Decision

## I. Waiver of Right to Appeal Sentence

[4] The State argues that Munn waived the right to appeal his sentence pursuant to his plea agreement. However, the plea agreement states that Munn retained the right to appeal his sentence in the event of an open plea. A plea agreement where the issue of sentencing is left to the trial court's discretion is often

referred to as an "open plea," *i.e.* where the sentence is not fixed by the plea agreement. *Collins v. State*, 817 N.E.2d 230, 231 (Ind. 2004).

In this case, unlike the cases cited by the State, the plea agreement was open as it did not cap Munn's potential sentence and allowed the parties to make arguments at the sentencing hearing. The State even acknowledges in its brief that "[s]entencing was left to the trial court's discretion." Appellee's Br. p. 1. Accordingly, we conclude that Munn did not waive the right to appeal his sentence.

## II. Appropriateness of Sentence

Munn contends that his sixty-five-year sentence is inappropriate in light of the nature of his offense and his character. "Ind. Appellate Rule 7(B) empowers us to independently review and revise sentences authorized by statute if, after due consideration, we find the trial court's decision inappropriate in light of the nature of the offense and the character of the offender." *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*. "An appellant bears the burden of showing both prongs of the inquiry favor revision of [his] sentence." *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)). "We must give 'deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions.'" *Gil v. State*, 988 N.E.2d 1231, 1237 (Ind. Ct. App. 2013) (quoting *Trainor v. State*, 950 N.E.2d 352, 355-56 (Ind. Ct. App. 2011), *trans. denied*.).

The nature of Munn's senseless offense does nothing to convince us that his sentence is inappropriate. Munn shot an unarmed eighteen-year-old man in the face from point-blank range. Munn was under no threat when he took this action. Despite Munn's argument that the murder was a spur-of-the-moment decision, it was committed part-and-parcel to a premeditated robbery coordinated between Munn and Williams ahead of time and was intended to silence Hall from incriminating them in the robbery.

Munn's only argument regarding his character is that the trial court should have considered his age as a mitigating factor. Despite his young age, Munn has amassed an extensive criminal history which reflects poorly on his character. Munn had his first run-in with law enforcement in 2010 at the age of fourteen when he was arrested for theft. In the subsequent three-and-a-half years, before committing the instant crime, Munn committed numerous offenses including disorderly conduct, theft, resisting law enforcement, false informing, intimidation, burglary, possession of marijuana, and various juvenile status offenses. On the same day Munn robbed and murdered Hall, Munn was arrested for an unrelated burglary and possession of marijuana.

We do not agree with Munn's argument that his character is any less heinous due to his age.

> As we stated in *Sensback v. State*, 720 N.E.2d 1160, 1164 (Ind. 1999), "Age is neither a statutory nor a per se mitigating factor. There are cunning children and there are naïve adults." In other words, focusing on chronological age, while often a shorthand for measuring culpability, is frequently not the end of the inquiry

for people in their teens and early twenties. *See Ellis v. State*, 736 N.E.2d 731, 736 (Ind. 2000). There are both relatively old offenders who seem clueless and relatively young ones who appear hardened and purposeful.

*Monegan v. State*, 756 N.E.2d 499, 504 (Ind. 2001). Based on Munn's extensive criminal history and the callous and indifferent nature by which he committed the instant crime, it seems clear that he falls into the latter category of hardened and purposeful criminals. Accordingly, we find that Munn's sentence was not inappropriate in light of the nature of his offense and character.

[10] The judgment of the trial court is affirmed.

May, J., concurs.

Crone, J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jermaine Munn, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | Court of Appeals Case No. <br> 71A04-1503-CR-96 |

**Crone, Judge, dissenting.**

[11] Although the plea agreement's waiver clause is inartfully drafted, I believe that it is valid and should preclude Munn from appealing his sentence. In essence, the clause states, "I understand that I have a right to appeal my sentence if there is an open plea, but I agree to waive that right as long as the judge sentences me within the terms of my plea agreement." There was an open plea, and the judge sentenced Munn within the terms of his plea agreement. Consequently, I would find that Munn has waived his right to appeal his sentence and dismiss this appeal. Waiver notwithstanding, I agree with the majority's Rule 7(B) analysis.