## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 04 2016, 5:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven Knecht
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Richard Lee Dulin,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 4, 2016

Court of Appeals Case No.
79A05-1508-CR-1155

Appeal from the Tippecanoe
Superior Court

The Honorable Steven P. Meyer,
Judge

Trial Court Cause No.
79D02-1501-F5-6

**Robb, Judge.**

# Case Summary and Issue

Richard Lee Dulin pleaded guilty to operating a vehicle while privileges are forfeited for life, a Level 5 felony, and resisting law enforcement, a Class A misdemeanor. Dulin pleaded guilty without the benefit of a plea agreement and received an aggregate sentence of five years, with two years suspended to probation. Dulin appeals, raising the sole issue of whether his sentence is inappropriate in light of the nature of the offenses and his character. Concluding Dulin's sentence is not inappropriate, we affirm.

# Facts and Procedural History

On January 28, 2015, officers of the Lafayette Police Department were traveling in their police vehicle when they observed a 1991 Ford Escort fail to stop at a stop sign. They activated their vehicle's emergency lights to initiate a traffic stop, but the Escort did not immediately stop. Instead, the driver of the Escort, later identified as Dulin, continued for roughly fifteen blocks before stopping, exiting the vehicle, and fleeing on foot. The officers chased Dulin for two more blocks, giving loud verbal commands for him to stop, but Dulin did not comply. Eventually, one of the officers caught up with Dulin and forced Dulin to the ground. Once Dulin was in custody, the officers checked his driving status and determined his driving privileges had been forfeited for life.

The State charged Dulin with Count I, operating a vehicle while privileges are forfeited for life, a Level 5 felony; and Count II, resisting law enforcement, a

Class A misdemeanor.  Dulin pleaded guilty without the benefit of a plea agreement.  The trial court found as aggravating factors: (1) Dulin's significant criminal history; (2) the State's eleven petitions to revoke his probation (six of which had been found true and two of which were still pending); (3) that his placement in a Community Corrections program had previously been revoked; and (4) that he was written up in the county jail while the present case was pending.  It considered the following factors mitigating: (1) Dulin's mental illness and history of substance abuse; (2) his history of being employed; (3) that he pleaded guilty in the present case; and (4) that he took advantage of programs while in jail.  Concluding the aggravating factors outweighed the mitigating ones, the trial court sentenced Dulin to four years on Count I and one year on Count II, to be served consecutively, with two years in the Department of Correction, one year of direct placement in Community Corrections, and two years suspended to probation.  This appeal followed.

# Discussion and Decision

## I.  Standard of Review

[4]    A person who pleads guilty is entitled to contest on direct appeal the merits of a trial court's sentencing decision where the trial court has exercised discretion. *Collins v. State*, 817 N.E.2d 230, 231 (Ind. 2004).  Dulin pleaded guilty without the benefit of a plea agreement and now contends the sentence the trial court imposed is inappropriate in light of the nature of the offenses and his character.

[5] Indiana Appellate Rule 7(B) provides, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading this court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Finally, we note the principal role of appellate review is to "leaven the outliers," not achieve the perceived "correct" result in each case. *Id.* at 1225. We therefore "focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.*

## II. Inappropriate Sentence

[6] As to the nature of the offenses, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. Dulin was convicted of operating a vehicle while privileges are forfeited for life, a Level 5 felony, and resisting law enforcement, a Class A misdemeanor. A Level 5 felony carries a possible sentence of one to six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6(b). A person who commits a Class A misdemeanor shall be sentenced to not more

than one year. Ind. Code § 35-50-3-2. There is no advisory sentence for a Class A misdemeanor. *See id.*

[7] The trial court sentenced Dulin to four years for operating a vehicle while privileges are forfeited for life and one year for resisting law enforcement, to be served consecutively, with two years suspended to probation. In addition to driving when he was prohibited from doing so, Dulin ran a stop sign, thereby endangering the public, and did not pull over when the officers activated their emergency lights. He continued driving for fifteen blocks and then exited his vehicle to flee on foot. We conclude the nature of the offenses supports the sentence imposed.

[8] As to Dulin's character, he was on parole and probation at the time of the offenses, and there were two pending petitions to revoke his probation. His criminal history includes seven felonies and nine misdemeanor convictions as an adult, as well as three true findings as a juvenile. Dulin has never possessed a valid driver's license but forfeited his driving privileges for life in 2013 (at the age of twenty-five) following his convictions for operating a vehicle while never receiving a license, operating a vehicle with an alcohol concentration equivalent of 0.08 to 0.15 grams, operating a vehicle with a Schedule I or II controlled substance in his body, and operating a vehicle as an habitual traffic violator. He also has prior felony convictions for theft, resisting law enforcement, and unlawful possession of a syringe. This case marks his third conviction for resisting law enforcement.

In short, Dulin continues to reoffend, and he admits he has been "abusing drugs and alcohol for years." Brief of Appellant at 6. Although Dulin has been ordered by the court to undergo treatment for substance abuse and mental illness in past years, there is nothing in the record to suggest Dulin has ever voluntarily taken steps to address the issues he now blames for his behavior. While we do not wish to downplay the severity of Dulin's addiction or the difficulty of living with bipolar disorder, we cannot ignore his utter disregard for the law and failure to take responsibility. *See Bryant v. State*, 802 N.E.2d 486, 501 (Ind. Ct. App. 2004) (holding the trial court did not err in concluding the defendant's substance abuse was an aggravating factor where the record showed he "was aware of his drug and alcohol problem, yet he had not taken any positive steps to treat his addiction"), *trans. denied.* Both the nature of the offenses and Dulin's character support the sentence imposed by the trial court.[1]

# Conclusion

Dulin's sentence is not inappropriate in light of the nature of the offenses and his character. We therefore affirm his sentence.

Affirmed.

---

[1] To the extent Dulin argues the trial court improperly weighed his mental illness and substance abuse as mitigating factors, the relative weight or value assignable to factors properly found by the trial court is not subject to appellate review. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

Barnes, J., and Altice, J., concur.