## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 02 2016, 8:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Brian Reitz
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tahj R. Thomas, *Appellant-Defendant,* | June 2, 2016 |
| v. | Court of Appeals Case No. 02A04-1511-CR-2069 |
| | Appeal from the Allen Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Frances C. Gull, Judge |
| | Trial Court Cause No. 02D06-1503-FA-3 |

**Robb, Judge.**

# Case Summary and Issue

Tahj R. Thomas pleaded guilty to rape and criminal deviate conduct, both Class A felonies. The trial court accepted Thomas's plea and sentenced him to forty years on each count, to be served consecutively, for an aggregate sentence of eighty years executed in the Department of Correction. Thomas appeals, raising the sole issue of whether his sentence is inappropriate in light of the nature of the offenses and his character. Concluding Thomas's sentence is not inappropriate, we affirm his sentence.

# Facts and Procedural History

Shortly after midnight on April 29, 2014, D.L. arrived at the apartment complex where she lived. Her four-year-old daughter was sleeping in the back seat of her vehicle. As she exited her vehicle, a man appeared and pointed a gun at her as he instructed her to "give him what she had." Appellant's Appendix at 14. D.L. dropped her purse, and a second armed man appeared. The men instructed D.L. to walk away from her vehicle. When D.L. was approximately two cars away, the second man, later identified as Thomas, pointed a gun at her and ordered her to undress. As the first man walked back to D.L.'s vehicle, eighteen-year-old Thomas ordered D.L. to get on the ground, crawl toward him, and perform oral sex. D.L. complied. Thomas threatened to kill D.L. and pointed the gun at D.L.'s head and back as she performed oral sex. Thomas also forced D.L. to have sexual intercourse. At some point, he noticed she was wearing an engagement ring and ordered her to take it off. He

pocketed the ring before warning D.L. he would "come back every night to f***
and rape her." *Id.* Thomas and the other man eventually fled with D.L.'s
belongings. As soon as the men were gone, D.L. retrieved her daughter and ran
to her apartment. The police were called, and D.L. was transported to a
medical facility for a sexual assault examination. A DNA profile recovered
from D.L.'s underwear matched Thomas's profile in the Combined DNA Index
System (CODIS). Subsequent forensic testing confirmed the DNA profile
recovered from D.L.'s underwear matched Thomas's DNA.

[3] The State charged Thomas with rape as a Class A felony, criminal deviate
conduct as a Class A felony, and robbery as a Class B felony. Thomas pleaded
guilty to rape and criminal deviate conduct. In exchange, the State dismissed
the robbery charge, but other than requiring the sentence run consecutive to
sentences imposed under several other cause numbers, the agreement left
sentencing to the discretion of the trial court. The trial court found as
mitigating factors Thomas's decision to plead guilty and his remorse. It
considered the following factors aggravating: (1) Thomas's criminal history; (2)
the nature and circumstances of the offenses; (3) the extraordinary impact on
the victim; (4) that Thomas was out on bond when he committed the offenses;
and (5) that he previously received services through the juvenile court which
had proven unsuccessful. The trial court sentenced Thomas to forty years on
each count, to be served consecutively, for an aggregate sentence of eighty
years. The trial court ordered this sentence be served consecutive to the

aggregate forty-year sentence he received on four separate armed robbery cases. This appeal followed.

# Discussion and Decision

## I.  Standard of Review

Thomas contends his sentence is inappropriate in light of the nature of the offenses and his character.[1]  Indiana Appellate Rule 7(B) provides, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  The defendant bears the burden of persuading this court that his or her sentence is inappropriate.  *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).  Whether we regard a sentence as inappropriate turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case."  *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).  We "focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count" in reviewing a defendant's sentence.  *Id.* at 1225.  The question is not whether another sentence is more appropriate, but rather whether the sentence imposed in inappropriate.  *King v. State*, 894 N.E.2d 265,

---

[1] A person who pleads guilty is entitled to contest on direct appeal the merits of a trial court's sentencing decision where, as here, the trial court exercised discretion.  *Collins v. State*, 817 N.E.2d 230, 231 (Ind. 2004).

268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

## II. Inappropriate Sentence

[5] As to the nature of the offense, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime the defendant committed. *Childress*, 848 N.E.2d at 1081. Thomas pleaded guilty to rape and criminal deviate conduct, both Class A felonies. A Class A felony carries a possible sentence of twenty to fifty years, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4(a). The trial court sentenced Thomas to forty years on each count, to be served consecutively, for an aggregate sentence of eighty years.

[6] We conclude the nature of the offenses supports the sentence imposed. Thomas forced D.L. to strip in a parking lot, ordered her to crawl towards him on her hands and knees, and then raped her at gun point in close proximity to her four-year-old daughter. As he departed, he took her engagement ring and said he planned to "come back every night to f*** and rape her." Appellant's App. at 14. As the State observed, Thomas "attempted to be particularly humiliating and degrading to this victim." Sentencing Hearing Transcript at 18. His cruelty

and complete disregard for human dignity warrants the eighty-year sentence the trial court imposed.

[7] As to his character, Thomas argues we should consider his criminal history in light of his age. We acknowledge Thomas's five prior felony convictions arise from arrests occurring when he was only seventeen or eighteen years old, but we view this circumstance as reflecting poorly on his character. Thomas committed at least five robberies in the span of nine months. He has four prior convictions for armed robbery and a prior conviction for possession of a handgun with altered identifying marks. While he was out on bond on two of these cases, he robbed and raped D.L. at gunpoint, and he continued to commit robberies thereafter.

[8] Although a defendant's youth can, in some cases, constitute a significant mitigating factor warranting leniency, this is not always the case. *Coleman v. State*, 952 N.E.2d 377, 385 (Ind. Ct. App. 2011). As our supreme court explained, "Focusing on chronological age is a common shorthand for measuring culpability, but for people in their teens and early twenties it is frequently not the end of the inquiry. There are both relatively old offenders who seem clueless and relatively young ones who appear hardened and purposeful." *Ellis v. State*, 736 N.E.2d 731, 736 (Ind. 2000). In this case, we are not persuaded Thomas's sentence is inappropriate because of his age. His spree of armed robberies demonstrates an indifference to the law that cannot be

attributed to youthful indiscretion. Both the nature of the offenses and Thomas's character support the sentence imposed by the trial court.[2]

# Conclusion

Thomas's sentence is not inappropriate in light of the nature of the offenses and his character. We therefore affirm his sentence.

Affirmed.

Najam, J., and Crone, J., concur.

---

[2] To the extent Thomas contends his sentence violates Article 1, Section 18 of the Indiana Constitution, our supreme court has held particularized claims "are not reviewable under Article 1, Section 18 because Section 18 applies to the penal code *as a whole* and does not protect fact-specific challenges." *Ratliff v. Cohn*, 693 N.E.2d 530, 542 (Ind. 1998) (emphasis in original).