



FILED
May 22 2020, 10:53 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

I N T H E

# Indiana Supreme Court

Supreme Court Case No. 20S-CR-61

## Brandon L. Johnson,
*Appellant-Defendant,*

—v—

## State of Indiana,
*Appellee-Plaintiff.*

Argued: May 14, 2020 | Decided: May 22, 2020

Appeal from the Orange Circuit Court, No. 59C01-1602-F4-160
The Honorable Steven L. Owen, Judge

On Petition to Transfer from the Indiana Court of Appeals,
No. 19A-CR-334

**Per Curiam Opinion**

Chief Justice Rush and Justice David, Justice Massa, and Justice Goff concur.
Justice Slaughter dissents without separate opinion.

**Per curiam.**

In *Creech v. State*, 887 N.E.2d 73 (Ind. 2008), and *Collins v. State*, 817 N.E.2d 230 (Ind. 2004), we held that a defendant who pleads guilty may waive the right to appellate review of his or her sentence only if this waiver is knowing and voluntary. Today we reaffirm the critical role of the trial court in safeguarding the validity of such waivers. Accordingly, we reverse the trial court and remand to allow Brandon L. Johnson to pursue a belated direct appeal of his 12-year sentence.

In April 2017, Johnson agreed to plead guilty to Level 4 felony dealing in methamphetamine in exchange for the dismissal of other charges. Under the terms of the plea agreement, the trial court retained full discretion as to the sentence to be imposed. Among the terms included in the written plea agreement was: "DEFENDANT WAIVES RIGHT TO APPEAL AND POST CONVICTION RELIEF." Appellant's App. ("App.") Vol. 2, p. 108. After a short colloquy in which the trial judge asked Johnson whether he understood that he was giving up his appellate rights by pleading guilty, the court accepted the plea.

On May 1, 2017, Johnson was sentenced to the maximum term of 12 years incarceration. Like the plea agreement, the written sentencing order provided "DEFENDANT WAIVES RIGHT TO APPEAL AND POST CONVICTION RELIEF." App. Vol. 2, p. 167. After imposing the sentence, the trial judge explained that he would not appoint appellate counsel for Johnson because he interpreted the plea agreement's waiver of the "right to appeal" to include waiver of the right to appeal the sentencing decision. App. Vol. 3, p. 82. Johnson did not timely file a notice of appeal.

After the denial of his request to enter the purposeful incarceration program—which allows trial courts to modify the sentence of an offender upon completion of the program—Johnson requested appellate counsel and filed a petition for post-conviction relief. Shortly thereafter, on October 3, 2018, Johnson sought permission to file a belated notice of appeal, arguing that he was only recently made aware of his right to appeal his sentence. At the hearing on this motion, Johnson's trial counsel indicated that he was also unaware that a defendant could appeal a

sentence following an open plea and therefore did not discuss with Johnson the waiver of his appellate rights.

The trial court denied Johnson's request to file a belated notice of appeal. This decision was affirmed on appeal. *Johnson v. State*, 140 N.E.3d 854 (Ind. Ct. App. 2019), *vacated.* The Court of Appeals "f[ou]nd it concerning" that the plea agreement purported to waive Johnson's right to seek post-conviction relief, a "patently void and unenforceable term" that "our courts have held [invalid] for almost thirty years." *Id.* at 861, fn. 6. It also "strongly recommend[ed]" that the county prosecutor's office "update its outdated plea agreement form so that it more clearly explains the effect of the waiver of the right to appeal… ." *Id.* at 863, fn. 9. But ultimately, the opinion held, the fact that Johnson accepted the plea agreement was sufficient for the trial court to find a valid waiver of his right to appeal, although "in other cases in which our courts have upheld a waiver-of-appeal provision in a plea agreement, the provision was more explicit about the waiver of the right to appeal the sentence." *Id.* at 862.

We share the Court of Appeals' concern about the vagueness of the waiver provision at issue here. In *Collins,* we held that a defendant who pleads guilty remains entitled to appeal the merits of a trial court's sentencing decision. 817 N.E.2d at 231. Four years later, in *Creech*, we cautioned that defendants may waive this right of appeal only if this waiver is made knowingly and voluntarily, and found valid waiver where Creech's plea agreement specifically waived his "right to appeal [his] sentence[.]" 887 N.E.2d at 74-75.

Under these circumstances, we find the general waiver of Johnson's "right to appeal," particularly when contained in the same sentence as an unenforceable waiver of post-conviction relief, insufficiently explicit to establish a knowing and voluntary waiver of Johnson's right to appeal his sentence. We therefore remand to the trial court with instructions to grant Johnson's motion for permission to file a belated notice of appeal.

Rush, C.J., and David, Massa, and Goff, JJ., concur.
Slaughter, J., dissents, and would expressly adopt the court of appeals' opinion.

ATTORNEYS FOR APPELLANT
Amy E. Karozos
State Public Defender

Vickie R. Yaser
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Andrew A. Kobe
Deputy Attorney General

Ian A. McLean
Deputy Attorney General

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana